Erik A. Christiansen (Bar No. 7372)
Zack L. Winzeler (Bar No. 12280)
Alan S. Mouritsen (Bar No. 13558)
Gregory H. Gunn (Bar No. 15610)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
P.O. Box 45898
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
EChristiansen@parsonsbehle.com
ZWinzeler@parsonsbehle.com
AMouritsen@parsonsbehle.com
GGunn@parsonsbehle.com
ecf@parsonsbehle.com

Leonard L. Gordon (*pro hac vice*)
Alexandra Megaris (*pro hac vice*)
**VENABLE LLP**
1270 Avenue of the Americas
24th Floor
New York, NY 10020
Telephone: (212) 370-6277
Fax: (212) 307-5598
LLGordon@venable.com
AMegaris@venable.com

J. Douglas Baldridge (*pro hac vice*)
Stephen R. Freeland (*pro hac vice*)
Michael A. Munoz (*pro hac vice*)
**VENABLE LLP**
600 Massachusetts Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 344-4000
Fax: (202) 344-8300
JBaldridge@venable.com
SRFreeland@venable.com
MAMunoz@venable.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and UTAH DIVISION OF CONSUMER PROTECTION,<br><br>Plaintiffs,<br><br>vs.<br><br>NUDGE, LLC; RESPONSE MARKETING GROUP, LLC; BUYPD, LLC; BRANDON B. LEWIS; RYAN C. POELMAN; PHILLIP W. SMITH; SHAWN L. FINNEGAN; and CLINT R. SANDERSON,<br><br>Defendants. | **DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING SUPREME COURT REVIEW**<br><br>Case No.: 2:19-cv-00867-RJS<br><br>Judge Robert J. Shelby |

1

## INTRODUCTION

Defendants move this Court to stay further proceedings in this action until the Supreme Court clarifies whether the Federal Trade Commission ("FTC") can seek and obtain disgorgement pursuant to Section 13(b) of the FTC Act. That clarity will come from *Liu v. SEC,* a case to be argued at the Supreme Court on March 3, 2020, which will resolve whether the Securities and Exchange Commission ("SEC") can obtain disgorgement under a statutory grant similar to Section 13(b) of the FTC Act. Oral Argument Set, *Liu v. SEC*, No. 18-1501 (U.S. Nov. 26, 2019). Indeed, in response to a recent petition for writ of certiorari asking the Supreme Court to address "whether Section 13(b) of the FTC Act authorizes district courts to award equitable monetary relief"—exactly the question at issue here—the Solicitor General argued that the Supreme Court should wait to resolve that question until after *Liu* is decided because the issues "overlap." Brief for the Respondent, *AMG Capital Management, LLC v. Federal Trade Commission*, No. 19-508 (Dec. 13, 2019), at 7 (attached as Exhibit 1 hereto for the Court's convenience).

Apparently parting ways with the Solicitor General, the FTC itself has petitioned for a writ of certiorari in *Federal Trade Commission v. Credit Bureau Center, LLC*, 937 F.3d 764 (7th Cir. 2019), *petition for cert. filed* (U.S. Dec. 19, 2019) (No. 19-___) (attached as Exhibit 2 hereto for the Court's convenience).[1] The FTC's petition in that case presents the same question in this case, albeit artfully phrased: "Whether Section 13(b) authorizes district courts to enter an injunction that orders the return of unlawfully obtained funds." *Id*. at (I).

---

[1] In a notice to the Seventh Circuit, attached as Exhibit 3 hereto for the Court's convenience, the Federal Trade Commission stated that it "filed the petition timely, but notes that currently the [Supreme] Court's website is not accepting the upload of the petition." Accordingly, the Supreme Court case number is not yet publicly available.

Under these circumstances, Defendants respectfully submit that considerations of judicial economy dictate staying this proceeding until the Supreme Court clarifies whether Section 13(b) authorizes the FTC to obtain equitable monetary relief, including disgorgement. The Supreme Court's resolution of this fundamental legal issue would govern all future proceedings in this action, if any. Moving forward without the Supreme Court's guidance on these issues, in contrast, will unnecessarily duplicate the proceedings, threaten to create inconsistent rulings, and place significant, unnecessary burdens on the parties and this Court. Accordingly, in order to preserve judicial economy and the parties' resources, Defendants respectfully request that further proceedings—including a ruling on the pending Partial Motion to Dismiss and any future discovery—be stayed pending Supreme Court adjudication of the *Liu* case, and if certiorari is granted, the *Credit Bureau Center* case.

Defendants have conferred with counsel for Plaintiffs on the relief requested herein, and Plaintiffs do not consent to the relief sought in this Motion.

## ARGUMENT

I. **A Stay of Proceedings Pending Supreme Court Guidance Would Simplify the Legal Issues Before the Court and Thereby Preserve Judicial Economy and the Parties' Resources.**

In this district, it is well settled that the Court "has the power to stay proceedings pending before it and to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants.'" *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see Metric Const. Co. v. Prof'l Raingutter Servs., Inc.*, No. 1:06-CV-00125-DAK, 2007 WL 4143084, at *2 (D. Utah Nov. 19, 2007). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Menchacha-Estrada v. Synchrony Bank*, No. 2:17-CV-831-DAK, 2017 WL 4990561, at *1 (D.

3

Utah Oct. 30, 2017) (quoting *Landis*, 299 U.S. at 255). In exercising its discretion, a court "must weigh competing interests and maintain an even balance." *Landis,* 299 U.S. at 255. In this district, relevant factors governing the consideration of a stay include "(1) whether granting a stay would likely simplify the issues before the court; (2) the stage of the litigation; and (3) a balancing of prejudice to the parties." *Menchacha-Estrada*, 2017 WL 4990561, at *1 (quoting *Lifetime Prod. Inc. v. Russell Brands, LLC*, No. 1:12-CV-26-DN, 2013 WL 5408458, at *2 (D. Utah Sept. 25, 2013)).

In their Partial Motion to Dismiss, Defendants argue that the FTC is not entitled to equitable monetary relief under Section 13(b) of the FTC Act. *See* Defendants' Partial Motion to Dismiss (ECF No. 58) at 15-19. Given the significant overlap between the legal issues in this case and the legal issues before the Supreme Court in *Liu* and potentially *AMG Capital Management* and *Credit Bureau Center*, moving forward before these cases are resolved would waste the resources of the Court and the parties, and potentially create avoidable inconsistencies that would need to be corrected in light of any decision by the Supreme Court.

### A.     Courts Routinely Stay Proceedings to Await Guidance from Appellate Courts.

This Court routinely stays proceedings where resolution of an appeal or disposition in another related matter may guide the District Court in deciding the issues before it. *See Menchacha-Estrada*, 2017 WL 4990561, at *1 (staying the case for nine months pending a ruling from the D.C. Circuit); *see also Metric Const. Co.*, 2007 WL 4143084, at *4 (staying the District Court action approximately five months pending a trial disposition in the Court of Federal Claims); *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, No. 2:16-CV-00315-DN, 2019 WL 977916, at *3 (D. Utah Feb. 28, 2019) (granting defendants motion to stay "pending further action in the parallel California case"); *Sycamore Family LLC v. Earthgrains Baking Cos.*, No. 2:13-CV-00639-

4

DN, 2015 WL 1520769, at *3 (D. Utah Apr. 3, 2015) (granting defendant's motion to stay pending the resolution of a related case in the same district).

Other courts similarly stay proceedings to await guidance from appellate courts, including when a petition for certiorari has been filed or a case pending at the Supreme Court is likely to provide dispositive guidance. *See, e.g.*, *Burke v. Alta Colleges, Inc.*, No. 11-CV-02990-WYD-KLM, 2012 WL 502271, at *3 (D. Colo. Feb. 15, 2012) (staying all proceedings, including scheduling and discovery, where a Supreme Court decision "will likely impact this case in some fashion"); *Campbell v. Oregon Dep't of State Lands*, No. 2:16-CV-01677-SU, 2017 WL 3367094, at *4 (D. Or. Aug. 4, 2017) (staying the proceedings, including determination of a motion to dismiss, where the interests of judicial economy strongly favor a stay and "[t]he key issue to be decided here is identical to that before the Ninth Circuit"); *Small v. GE Capital, Inc.*, No. ED-CV-152479-JGBDTBX, 2016 WL 4502460, at *3 (C.D. Cal. June 9, 2016) (granting a stay in a TCPA case after defendant filed its answer where "further litigation absent a ruling [by the D.C. Circuit in *ACA International v. Federal Communications Commission*] may be unnecessary and will require both parties and the Court to spend substantial resources"); *Walker v. Monsanto Co. Pension Plan*, 472 F. Supp. 2d 1053, 1055 (S.D. Ill. 2006) (staying the relevant counts of the operative complaint after a scheduling order was entered, pending resolution of a petition for writ of certiorari before the Supreme Court in a case presenting related issues); *Lincoln Nat'l Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*, No. 1:08-cv-135, 2010 WL 567993, at *1 (N.D. Ind. Feb. 12, 2010) (staying consideration of motion for summary judgment until Supreme Court decision that would provide "clear direction on the precise standard to be applied").

Based on the same considerations other courts have relied upon in granting a stay, this Court should likewise stay this action pending Supreme Court guidance on the remedial scope of the enforcement statute at issue.

### B. Awaiting Supreme Court Guidance Is the Most Efficient Way to Proceed in This Case.

As the cases cited above demonstrate, judicial efficiency is promoted when a District Court refrains from deciding the very same issues that may soon be resolved by a binding appellate court.

In March, the Supreme Court will hear argument on "[w]hether the Securities and Exchange Commission may seek and obtain disgorgement from a court as 'equitable relief' for a securities law violation even though this Court has determined that such disgorgement is a penalty." Brief for Petitioners, *SEC v. Liu*, 754 F. App'x 505 (9th Cir. 2018), *cert. granted*, 205 L. Ed. 2d 265 (U.S. Nov. 1, 2019) (No. 18-1501). On December 13, 2019, meanwhile, the Solicitor General, acting on behalf of the FTC, took the position that the Supreme Court's review of "whether Section 13(b) of the FTC Act authorizes district courts to award equitable monetary relief" should be held "pending the disposition of *Liu*." *See* Brief for the Respondent, *AMG Capital Management, LLC v. Federal Trade Commission*, No. 19-508 (Dec. 13, 2019) (Exhibit 1 hereto), at 4. In the Solicitor General's view, the questions presented in the two cases overlap, so the Supreme Court should hold the *AMG* "petition pending the disposition of *Liu*." *Id*. at 7. On December 19, 2019, the FTC took the rare step of representing itself in the Supreme Court by filing a petition for writ of certiorari in *Credit Bureau Center*, urging the Supreme Court to not wait until *Liu* is resolved to address the interpretation of Section 13(b).[2] The FTC's decision to do

---

[2] 15 U.S.C. § 56(a)(1)(A) provides the procedure for which the FTC can represent itself in the Supreme Court. If the FTC makes a written request to the Attorney General, within 10 days of entry of judgment, "to represent itself through any of its attorneys designated by it for such purpose before the Supreme Court in such action, it may do so," if (1) "the Attorney General concurs with

6

so suggests that the FTC and Solicitor General may not agree on the impact of *Liu* and perhaps the powers provided by Congress to the FTC under Section 13(b).

The disagreement between the FTC and the Solicitor General highlights the state of flux in the law and confirms why a stay is appropriate here. Accordingly, now that the FTC has asked the Supreme court to decide the critical legal issue of whether Section 13(b) allows the FTC to seek equitable monetary relief, this Court should stay further proceedings in this matter.

If the Court were to deny a stay in this action, proceeding could waste the Court's and the parties' resources, and would threaten to complicate future stages of the proceeding. First, moving forward now—with impending Supreme Court guidance on the legal issues raised in the Partial Motion to Dismiss—would create a "risk of inconsistent rulings that the appellate courts might then need to disentangle." *Hawai'i v. Trump*, 233 F. Supp. 3d 850, 856 (D. Haw. 2017). For example, a future Supreme Court ruling could "change[] the applicable law[,]" *id*., such that any intervening rulings by this Court will be nullified or will need to be made anew.

Notable to the posture here, the "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." *Matrix Grp., LLC v. Innerlight Holdings, Inc.,* No. 2:11-CV-00987, 2012 WL 5397118, at *4 (D. Utah Nov. 5, 2012) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). In fact, motions to stay discovery pending resolution of dispositive motions are generally favored, and a

---

such request; or" (2) within 60 days from entry of judgment the Attorney General provides written notice of its refusal to appeal or file a petition for writ of certiorari; or "the Attorney General fails to take action with respect to the [FTC]'s request." 15 U.S.C. § 56(a)(1)(A). In its petition for a writ of certiorari in *Credit Bureau Center*, the FTC acknowledged that "[t]he Commission rarely exercises its authority to represent itself before [the Supreme] Court, having done so only four times previously since Congress granted that authority 44 years ago." Petition for a Writ of Certiorari, *Federal Trade Commission v. Credit Bureau Center, LLC*, 937 F.3d 764 (7th Cir. 2019), *petition for cert. filed* (U.S. Dec. 19, 2019) (No. 19-___) (Exhibit 2 hereto), at 1, n.1.

7

stay in this case "is an eminently logical means to prevent wasting the time and effort" of the Court, the counsel, and the litigants. *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance*, 201 F.R.D. 1, 2 (D.D.C. May 21, 2001) (quoting *Coastal States Gas Corp. v. Department of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979); *accord Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). As the Eleventh Circuit has explained:

> Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1368 (11th Cir. 1997). Accordingly, preemptively moving to the next stage of litigation—absent an inevitable disposition from the Supreme Court on the very legal issues predominating the present action—would waste both the Court's and the parties' time and resources.

## II.     Plaintiffs Will Not Be Harmed By the Proposed Stay.

As opposed to the inefficiencies created by moving forward, the Plaintiffs will not suffer any harm from a stay. Indeed, the parties have stipulated to a Preliminary Injunction the Court signed on December 18, 2019. *See* Stipulated Preliminary Injunction (ECF No. 89). That order includes conduct restrictions as well as an asset preservation provision which would preserve any assets that the FTC would intend to seek as equitable monetary relief under Section 13(b) (if the Supreme Court concludes that it can seek such relief). *See id*. at 6. Given the preserved status quo that the Preliminary Injunction provides, Plaintiffs cannot complain of any prejudice resulting from the stay itself. The parties have undertaken significant briefing at the preliminary injunction stage, and thus "[t]here is very little risk of evidence being lost, of witnesses' memories fading, or of

other spoliation, especially as the key evidence should come from the parties themselves." *Campbell*, 2017 WL 3367094, at *3. Accordingly, "[c]ourts have long acknowledged that a delay inherent to a stay does not, in and of itself, constitute prejudice." *Id*. (quoting *PersonalWeb Techs., LLC v. Facebook, Inc.*, Nos. 5:13-cv-01356-EJD; 5:13-cv-01358-EJD; 5:13-cv-01359-EJD, 2014 WL 116340, at *5 (N.D. Cal. Jan. 13, 2014)). Moreover, Defendants proposed stay is limited in duration. Defendants propose that this case be stayed until a determination from the Supreme Court in the *Liu* case and, if certiorari is granted, a determination from the Supreme Court in *Credit Bureau Center*.

## CONCLUSION

The Court should stay further proceedings in this matter until the Supreme Court's ultimate decision on the merits in *Liu v. SEC*. And, to the extent that the Supreme Court grants the FTC's request for certiorari in *Federal Trade Commission v. Credit Bureau Center, LLC*, this stay should also encompass a decision on the merits in that case as well.

DATED this 30th day of December, 2019.

Respectfully Submitted,

By: /s/ *Erik A. Christiansen*
Erik A. Christiansen (Bar No. 7372)
Zack L. Winzeler (Bar No. 12280)
Alan S. Mouritsen (Bar No. 13558)
Gregory H. Gunn (Bar No. 15610)
**PARSONS BEHLE & LATIMER**

Leonard L. Gordon (*pro hac vice*)
Alexandra Megaris (*pro hac vice*)
J. Douglas Baldridge (*pro hac vice*)
Stephen R. Freeland (*pro hac vice*)
Michael A. Munoz (*pro hac vice*)
**VENABLE LLP**

*Attorneys for Defendants*

9

# CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of December, 2019, I caused a true and correct copy of the foregoing **DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING SUPREME COURT REVIEW** to be served on the following by email:

*Attorneys for Plaintiff Federal Trade Commission*
**FEDERAL TRADE COMMISSION**
Darren H. Lubetzky (dlubetzky@ftc.gov)
Savvas S. Diacosavvas (sdiacosavvas@ftc.gov)
Brian N. Lasky (blasky@ftc.gov)
Christopher Y. Miller (cmiller@ftc.gov)
Laura A. Zuckerwise ((lzuckerwise@ftc.gov)

*Attorneys for Plaintiff Utah Division of Consumer Protection*
**UTAH DIVISION OF CONSUMER PROTECTION**
Assistant Attorney General's Office
Thomas M. Melton (tmelton@agutah.gov)
Kevin M. McLean (kmclean@agutah.gov)
Robert G. Wing (rwing@agutah.gov)

                                        */s/ Erik A. Christiansen*