Darren H. Lubetzky
Savvas S. Diacosavvas
Brian N. Lasky
Christopher Y. Miller
Laura A. Zuckerwise
(Each appearing per DUCivR 83-1.1(d)(1))
Federal Trade Commission
Northeast Regional Office
One Bowling Green, Suite 318
New York, NY 10004
Tel: (212) 607-2829

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

Robert G. Wing (4445)
Thomas M. Melton (4999)
Kevin McLean (16101)
Assistant Attorneys General
Utah Attorney General's Office
160 East 300 South, Fifth Floor
Salt Lake City, Utah 84114
Tel: (801) 366-0310

Attorneys for Plaintiff
UTAH DIVISION OF CONSUMER PROTECTION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and<br><br>UTAH DIVISION OF CONSUMER PROTECTION,<br><br>    Plaintiffs,<br><br>    v.<br><br>NUDGE, LLC, a Utah limited liability company, *et al.*,<br><br>    Defendants | **Case No. 2:19-cv-00867-DBB-EJF**<br><br>Judge David B. Barlow<br><br>Magistrate Judge Evelyn J. Furse |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING SUPREME COURT REVIEW**

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ............................................................................................. 1

II. LEGAL STANDARDS FOR STAYS .................................................................................... 2

III. DEFENDANTS HAVE NOT SHOWN A STAY WOULD BE EFFICIENT ...................... 3

    A. The Premise of the Stay Motion Is Speculative ............................................................. 3

    B. Discovery on the Merits, Certain Monetary Relief, and the Scope of Consumer Injury Caused by Defendants Is Necessary In Any Event ......................................................... 4

    C. Defendants' Cases Are Not Relevant .............................................................................. 7

IV. A STAY WILL PREJUDICE PLAINTIFFS AND IS AGAINST THE PUBLIC INTEREST ............................................................................................................................. 9

V. CONCLUSION ..................................................................................................................... 10

Plaintiffs, the Federal Trade Commission ("FTC") and the Utah Division of Consumer Protection ("Division"), submit this memorandum of law in opposition to Defendants' Motion to Stay Proceedings Pending Supreme Court Review ("Stay Motion") (ECF No. 91).

## I.     PRELIMINARY STATEMENT

Defendants' Stay Motion seeks a blanket stay of all discovery because the Supreme Court *might* address one type of relief sought by the FTC in this case. However, whether the Supreme Court will address the FTC's ability to obtain equitable monetary relief under Section 13(b) of the FTC Act is far from certain. The petitions for a writ of *certiorari* in the FTC Act cases cited by Defendants have not been granted, leaving Defendants to argue that how the Supreme Court decides a Securities and Exchange Commission ("SEC") case will impact Section 13(b) of the FTC Act, 15 U.S.C. § 53(b). Parties seeking a stay have a heavy burden, and Defendants cannot meet it through speculation about what cases the Supreme Court will take and how it will rule on them. Indeed, a district court recently rejected a similar motion for a stay based on the same FTC Act cases cited by Defendants, declining to engage in "speculation" about what the Supreme Court will do about "a remedy not yet ordered" in that case.

But even if the SEC case somehow impacts Section 13(b) or the Supreme Court takes up the FTC Act cases and reverses longstanding precedent, the effect of doing so on this litigation will be far more limited than Defendants suggest. While the issue of equitable monetary relief is certainly important to the Defendants and the consumers who were scammed into giving them more than $400 million, the vast majority of the discovery in this case needs to occur regardless of what happens at the Supreme Court.

Most importantly, there will be a substantial amount of discovery on the merits of Plaintiffs' claims, which are the basis for Plaintiffs' request for permanent injunctive relief in their Complaint. In addition, both the FTC and the Division have claims for monetary relief that

1

are not based on Section 13(b) of the FTC Act. Plaintiffs' Telemarketing Sales Rule claim, for instance, triggers the remedies available under Section 19 of the FTC Act and covers the more than $95 million Defendants took from consumers through their telemarketing operation. Similarly, the Utah Consumer Sales Practices Act ("UCSPA") authorizes the Division to recover actual damages on behalf of consumers as well as fines. Utah Code Ann. §13-11-17(c) and (d). In addition, there will be discovery concerning the scope of Defendants' conduct and the amount of money they unlawfully took from consumers because the extent of consumer injury is relevant to injunctive relief and the amount of a fine under the UCSPA. Utah Code Ann. §13-11-17(6). Putting off this necessary discovery is inefficient and will delay resolution of this case.

Finally, a stay is against the public interest and will prejudice Plaintiffs by further delaying the time when they will get to depose key witnesses, thereby allowing memories to fade. Defendants, who refused to comply with legal process for testimony during the investigation, should not be allowed to continue to avoid providing testimony by seeking an unwarranted stay that will last at least several months. In addition, they should not be permitted to make it more difficult to compensate consumer victims of their scheme by continuing to spend certain funds during the pendency of a case they have delayed.

## II.     LEGAL STANDARDS FOR STAYS

"[T]he district court has the power to stay proceedings pending before it and to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants.'" *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). However, a party seeking a stay "generally faces a difficult burden." *White Knuckle, IP, LLC v. Elec. Arts, Inc.*, No. 15-cv-00036, 2015 WL 5022579, at *1 (D. Utah Aug. 24, 2015) (internal quotes omitted). "Delays of discovery hinder the 'just, speedy, and inexpensive determination of every action and proceeding.'" *United States v. Stevens-Henager*

*College, Inc.,* No. 2:15-CV-00119, 2017 WL 5241002, at *1 (D. Utah June 23, 2017) (quoting Fed. R. Civ. P. 1). "When determining whether or not to grant a stay, the Court 'must weigh competing interests and maintain an even balance.'" *Id*. (quoting *Landis v. N. Am. Co.*, 299 U.S. at 254). Those seeking a stay "must show 'a clear case of hardship or inequity' if 'even a fair possibility' exists that the stay would damage another party." *Id*. (citing *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009)).[1]

## III.   DEFENDANTS HAVE NOT SHOWN A STAY WOULD BE EFFICIENT

### A.   The Premise of the Stay Motion Is Speculative

At the outset of their Stay Motion, Defendants proclaim that "clarity will come" from the Supreme Court's decision in *Liu v. SEC*. Stay Motion, ECF No. 91 at 2. However, the *Liu* case involves whether noncompensatory disgorgement is a remedy available under the securities laws and may not have any impact at all on the FTC Act even *if* the Supreme Court decides to restrict the remedies available to the SEC.[2] Moreover, in the FTC Act cases that Defendants suggest will impact this case, the Supreme Court has not even decided whether to grant *certiorari*.[3] Accordingly, contrary to Defendants' claim, it is far from certain that the Supreme Court will

---

[1] The factors in the three-part test cited in the Stay Motion are discussed below. Stay Motion, ECF No. 91 at 4 (citing *Lifetime Prod. Inc. v. Russell Brands, LLC,* No. 12-cv-26, 2013 WL 5408458, at *2 (D. Utah Sept. 25, 2013).

[2] The reasons why *Liu* raises issues that are "distinct" from those in the FTC Act cases in which petitions for *certiorari* have been filed are further discussed in the FTC's petition for *certiorari* in one of those FTC Act cases. *See* Stay Motion, ECF No. 91-2, Ex. 2 at 22-24 (Petition for a Writ of *Certiorari, FTC v. Credit Bureau Center, LLC,* No. 19-825 (Dec. 19, 2019)).

[3] Defendants cite two FTC Act cases that are the subject of petitions for *certiorari* on which the Supreme Court has not yet ruled. The decisions at issue in those cases are *FTC v. AMG Capital Mgmt., LLC*, 910 F.3d 417 (9th Cir. 2018) (S.Ct. No. 19-508) and *FTC v. Credit Bureau Center, LLC*, 937 F.3d 764 (7th Cir. 2019) (S.Ct. No. 19-825). There is a third FTC Act case in which a petition for *certiorari* is pending that Defendants do not cite. *FTC v. Dantuma*, 748 Fed. Appx. 735 (9th Cir. 2018), *petition for cert. filed*, *Publishers Business Services, Inc. v. FTC*, (U.S. Oct. 18, 2019) (No. 19-507). The petitions in *AMG* and *Publishers Business Services* were filed by the defendants in those cases after orders against them were upheld by the Ninth Circuit. Both of those cases were decided on the same day by the same panel. The FTC filed the petition in *Credit Bureau Center* after the Seventh Circuit reversed its prior precedent and became the first

3

consider whether the FTC can obtain equitable monetary relief under Section 13(b), let alone overturn the law in seven circuits, including binding precedent from the Tenth Circuit.[4]  Stay Motion, ECF No. 91-2, Ex. 2 at 11-12.

Courts have rejected requests for stays in similar circumstances where movants simply assume that they or some other party will prevail in the future.  *See, e.g.*, *White Knuckle,* 2015 WL 5022579, at *3 (denying motion for a stay in a patent case where the movant's arguments "rest[ed] on the assumption that the patent is 'likely' invalid.").  Indeed, a court in the District of Maryland recently denied a motion for a stay based on the same petitions for a writ of *certiorari* in the FTC Act cases that Defendants cite in their Stay Motion.  In doing so, the court declined to engage in "speculation whether the Supreme Court will grant a writ of certiorari and eventually overturn years of precedent, including currently binding precedent in the Fourth Circuit, with respect to the legality of a remedy not yet ordered…."  *In re Sanctuary Belize Litigation*, No. 18-cv-03309-PJM, at 2 (D. Md. Nov. 21, 2019) (ECF No. 709).

> **B.  Discovery on the Merits, Certain Monetary Relief, and the Scope of Consumer Injury Caused by Defendants Is Necessary In Any Event**

Contrary to the case law on which Defendants rely, neither *Liu* nor the FTC Act cases in which petitions for *certiorari* have been filed will determine whether this case proceeds, and most of the same discovery will occur regardless of what happens at the Supreme Court.  None of the remedies issues the Supreme Court may consider have anything to do with the merits of Plaintiffs' claims in this case.  Here, Plaintiffs' Complaint seeks permanent injunctive relief "to prevent future violations of the FTC Act, the TSR, the UCSPA, the BODA, and the TFPA by

---

circuit to hold that equitable monetary relief was not available under Section 13(b).
[4] In denying Defendants' motion to dismiss the FTC's claims for equitable monetary relief under Section 13(b) in this case, the Court held that "binding precedent" in the Tenth Circuit allows the FTC to seek such relief.  Order Denying Defs.' Partial Motion to Dismiss, ECF No. 93 at 12 (citing *FTC v. Freecom Comms., Inc.*, 401 F.3d 1192, 1202 n.6 (10th Cir. 2005)).  In *Freecom*, the Tenth Circuit also reaffirmed that calculating monetary relief based on "gross receipts" is

4

Defendants." Complaint, ECF No. 4 at 67. Accordingly, discovery on the merits of Plaintiffs' claims under four statutes and the Telemarketing Sales Rule ("TSR") is necessary.

Similarly, Plaintiffs will be entitled to monetary relief if they prevail on the merits, irrespective of what happens at the Supreme Court. Count Four of Plaintiffs' Complaint asserts claims under the TSR, 16 C.F.R. § 310, based on Defendants' telemarketing sales, which included the purportedly exclusive "Inner Circle" program. (TRO Brief, ECF No. 6 at 36-39.)[5] Violations of the TSR trigger the remedies available under Section 19 of the FTC Act, 15 U.S.C. § 57b, which provides that "relief may include, but shall not be limited to, rescission or reformation of contracts, the refund of money or return of property, the payment of damages, and public notification respecting" the violation. 15 U.S.C. § 57b(b).[6] In just a three-year period, Defendants took approximately $95 million from consumers through their telemarketing operation. (TRO Brief, ECF No. 6 at 50 n.182.) Thus, discovery relating to monetary relief is necessary for the adjudication of Plaintiffs' TSR claims. Indeed, Defendants do not argue that a decision in *Liu* or in any of the FTC cases in which *certiorari* has been requested will have any bearing on the availability of monetary relief under Section 19 of the FTC Act.

Additionally, the Division seeks fines against Defendants for violations of the UCSPA, Utah Code §§ 13-11-1 *et seq.* Complaint, ECF No. 4 at ¶ 252. The extent of consumer injury is also a relevant statutory factor in determining fine amounts for UCSPA violations. *See* Utah Code §§ 13-11-17(6). The UCSPA lists several factors to determine fines, including "(a) the seriousness, nature, circumstances, extent, and persistence of the conduct constituting the

---

appropriate in a large fraud case brought under Section 13(b). 401 F.3d at 1206-07.
[5] "TRO Brief" refers to Plaintiffs' Motion on Notice for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue. ECF No. 6 (redacted), No. 18 (under seal).
[6] Section 19 authorizes courts to order relief "necessary to redress" injury in cases where defendants have violated one of the FTC's rules, such as the TSR. 15 U.S.C. § 57b(a)(1), § 57b(b).

violation; [and] (b) the harm to other persons resulting either directly or indirectly from the violation." Utah Code §§ 13-11-17(6)(a) & (b).

Moreover, there is an additional reason that the scope and extent of consumer injury are relevant to Plaintiffs' claims and are a proper subject of discovery regardless of any decision by the Supreme Court: the enormity and severity of consumer injury is a factor that Courts may consider in assessing the breadth of an injunction. *See Telebrands Corp. v. FTC*, 457 F.3d 354, 358-359 (4th Cir. 2006) (noting that courts consider "the seriousness and deliberateness of the violation" in assessing the appropriateness of "fencing in" provisions designed to prevent illegal conduct)[7]; *FTC v. John Beck Amazing Profits, LLC*, 888 F. Supp. 2d 1006, 1015 (C.D. Cal. 2012), *aff'd*, 644 Fed. App. 709 (9th Cir. 2016) (unpublished) (finding the scope of a permanent injunction that banned sellers of real estate investment products from telemarketing and making infomercials justified, in part, because the "amount of consumer injury is massive, involving an estimated loss of nearly $500 million dollars and almost one million customers.").

As a result, Defendants' suggestion that a stay may obviate the need for substantial discovery and make the case more efficient is incorrect. A stay will simply delay the time when the parties take discovery, most of which will need to occur in any event. *White Knuckle,* 2015 WL 5022579, at *3 (internal quotes omitted) ("staying discovery … may only serve to slow down litigation and delay the case's resolution.").

Courts have denied stays in complex cases where further litigation was necessary, despite the potential impact of a pending appellate case. In *Southern Utah Wilderness Alliance v. Schneider*, for instance, the court denied a stay even though a pending Tenth Circuit appeal "will provide guidance" on the issues but "will not resolve" them. No. 12-cv-257, 2016 WL 323624,

---

[7] Permanent injunctive relief under the FTC Act may be broader in scope than the illegal conduct at issue. *See FTC v. Colgate-Palmolive Co.*, 380 U.S. 374, 395 (1965) ("Having been caught violating the [FTC] Act, respondents must expect some fencing in.").

at *1 (D. Utah Jan. 26, 2016). *Cf. Alzheimer's Inst. v. Comentis, Inc.*, No. 99-cv-1366, 2010 WL 11508734, at *2 (W.D. Okla. Dec. 17, 2010) (denying stay where movant failed to show that "most or all" of the claims would be dismissed as a result of a pending Federal Circuit appeal). Likewise, in *Klaver Construction Co. v. Kansas Dept. of Transp.*, the Supreme Court had granted *certiorari* in a case that could impact some of the plaintiffs' claims. The district court denied the defendants' motion for a stay, noting that some of the issues "would remain unresolved even after a Supreme Court decision" and that the decision "will not eliminate the need for discovery." No. 99-cv-2510, 2001 WL 1000679, at *3 (D. Kan. Aug. 23, 2001).

Finally, in terms of the Court's future oversight of this case,[8] Defendants vaguely assert that denying the stay could "complicate future stages of the proceeding" and create rulings that would need to be disentangled. Stay Motion, ECF No. 91 at 7. However, Defendants never explain precisely what these complications are or why addressing potential changes in the law would be difficult and therefore have failed to show any efficiency that would justify delay.

### C.     Defendants' Cases Are Not Relevant

The cases granting stays that Defendants cite do not help their Stay Motion. In each of these cases, there was a significant possibility that most or all of the case would not need to be litigated or the central issues in the case were subject to change. For example, Defendants cite several cases in which some or all of the parties were involved in other litigation that would resolve the issues. *See Metric Const. Co. v. Profess. Raingutter Servs., Inc.*, No. 06-cv-00125, 2007 WL 4143084 (D. Utah Nov. 19, 2007) (staying case where plaintiff was awaiting a post-trial decision from another court on the same damages); *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, No. 16-cv-00315, 2019 WL 977916, at *2 (D. Utah Feb. 28, 2019) (staying case in

---

[8] In its Order Denying Defendants' Partial Motion to Dismiss, the Court noted that it was partially denying the Stay Motion to the extent that it "requests the court not decide this fully briefed" motion to dismiss. ECF No. 93 at 24 n.124.

7

which an answer had not yet been filed where the same parties had been litigating the same issues in another district for nearly three years); *Sycamore Family LLC v. Earthgrains Baking Cos., Inc.*, No. 13-cv-00639, at *3 (D. Utah Apr. 3, 2015) (staying case where another proceeding between the same parties "will affect the resolution of the remaining issues in this case"). No such circumstances exist here.[9]

Defendants also cite inapposite cases where dispositive motions were pending,[10] and several cases where appeals could dispose of most or all of the case.[11] *See Campbell v. Oregon Dep't of State Lands*, No. 16-cv-01677, 2017 WL 3367094 (D. Ore. Aug. 4, 2017) (granting stay where appellate case "will almost certainly determine how this Court must decide defendants' Motion to Dismiss, and could well dispose of this entire matter"); *Burke v. Alta Colleges, Inc.*, No. 11-cv-02990, 2012 WL 502271 (D. Colo. Feb. 15, 2012) (granting stay where case could be "mooted" by Supreme Court case on the FLSA); *Walker v. Monsanto Co. Pension Plan*, 472 F. Supp. 2d 1053 (S.D. Ill. 2006) (instead of dismissing case, court granted *plaintiffs'* motion for a

---

[9] In two other cases cited by Defendants, the claims in the patents at issue were being reassessed by the U.S. Patent and Trademark Office ("PTO"), meaning there was a significant possibility that the patent claims at issue would change. *See Lifetime Prod., Inc. v. Russell Brands, LLC*, No. 12-cv-26, 2013 WL 5408458, at *2 (D. Utah Sept. 25, 2013) (granting partial stay where each of the patents had already been amended since the litigation began); *Personal Web Tech., LLC v. Facebook, Inc.*, Nos. 13-cv-01356, 13-cv-01358, 13-cv-01359, 2014 WL 116340, at *4 (N.D. Cal. Jan. 13, 2014) (granting stay in case where it was "unlikely" that all of the patent claims at issue would survive PTO review).

[10] *Matrix Group, LLC v. Innerlight Holdings, Inc.*, No. 11-cv-00987, at *4 (D. Utah Nov. 5, 2012) (granting stay because defendants raised "seemingly compelling claims" in their motion to dismiss that the litigation was "barred"); *Chavous v. DC Financial Responsibility and Mgmt. Asst. Auth.*, 201 F.R.D. 1 (D.D.C. 2001) (staying additional discovery while summary judgment motion pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (granting partial stay while court decided dispositive motions); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (stay granted after motion for summary judgment was filed and summary judgment was eventually granted).

[11] Two of these cases arose under the Telephone Consumer Protection Act. *See Menchacha-Estrada v. Synchrony Bank*, No. 17-cv-831, 2017 WL 4990561 (D. Utah Oct. 30, 2017) (granting stay where consolidated appeal of regulatory order interpreting the definition of an auto-dialer would determine the viability of plaintiff's claim); *Small v. GE Capital, Inc.*, No. 15-cv-2479, 2016 WL 4502460 (C.D. Cal. June 9, 2016) (same).

8

stay of proposed age discrimination class action pending a writ of *certiorari* where Seventh Circuit had found claims like the plaintiffs' claims were "not actionable"); *Lincoln Nat'l Life Ins. Co. v. Transamerica Fin. Life Ins.*, No. 08-cv-135, 2010 WL 567993 (N.D. Ind. Feb. 12, 2010) (granting stay where Supreme Court "may very well … change[]" the law regarding patent validity); *Hawai'i v. Trump*, 23 F. Supp. 3d 850 (D. Haw. 2017) (granting stay in travel restriction case where another district court had entered the requested injunction hours after the case was filed and the "bulk" of the issues "may very well" be resolved by appellate courts). In contrast, in this case, the only issue the Supreme Court might consider is one of the remedies sought by the FTC.

## IV. A STAY WILL PREJUDICE PLAINTIFFS AND IS AGAINST THE PUBLIC INTEREST

On January 10, 2020, the parties conducted a conference pursuant to Fed. R. Civ. P. 26(f) and an Attorney Planning Meeting Report will be submitted to the Court shortly. Plaintiffs are ready to begin discovery and are preparing document requests, notices of deposition, and subpoenas. This discovery will include requests for relevant emails from Defendants, given that few emails were produced by Defendants during Plaintiffs' investigation, as well as notices of deposition for the individual Defendants, who refused to testify in response to Civil Investigative Demands during the investigation. In addition, Plaintiffs plan to issue subpoenas for documents and testimony to speakers at Defendants' seminars as well as key managers of Defendants' operation. Plaintiffs will be prejudiced by delaying these depositions, as the risk that the memory of witnesses can fade over time is well recognized, and courts have relied on this concern in denying motions to stay. *See Stevens-Henager,* 2017 WL 5241002, at *2 ("delaying discovery threatens the accuracy of these witnesses' memories and jeopardizes [plaintiffs'] case").

With respect to third-party consumer victims, delaying resolution of this action increases

the likelihood that the amount of funds available to compensate consumer victims is reduced. The Stipulated Preliminary Injunction entered by the Court prevents Defendants from continuing to bilk consumers, but it does not prevent Defendants from spending certain funds during the pendency of this case. Stip. Prelim. Inj., ECF No. 89 at §§ I, III. As a result, the monies available to compensate consumers will likely be reduced the longer it takes for this case to be resolved. In addition, the Stipulated Preliminary Injunction stays any actions against the corporate Defendants. *Id.* at § V.B. After filing their Stay Motion, defendants Nudge, LLC, BuyPD, LLC, and Ryan Poelman sought a stay in another case in this District in which they are defendants. Notice of Prelim. Inj. and Motion for Stay, *Just Us Realtors, LLC v. Nudge, LLC et al.*, No. 18-cv-00128-HCN-CMR, Jan. 3, 2020 (ECF No. 89) ("Just Us"). The *Just Us* case is a proposed class action brought on behalf of consumer victims of Defendants' scheme. As a result, Defendants are trying to stay the FTC and the Division's case, which itself stays other cases, thereby ensuring that Defendants do not have to litigate any case concerning their conduct for the months (or longer) that it will take to resolve *Liu* and other potential cases before the Supreme Court. This is not in the public interest, which strongly favors the enforcement of federal consumer protection laws. *FTC v. Mallet*, 818 F. Supp. 2d 142, 149 (D.D.C. 2011).

## V.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Stay Motion.

Dated: January 13, 2020                               Respectfully submitted,

/s/ Christopher Y. Miller
Darren H. Lubetzky
Savvas S. Diacosavvas
Brian N. Lasky
Christopher Y. Miller
Laura A. Zuckerwise
(Each appearing per DUCivR 83-1.1(d)(1))
Federal Trade Commission
Northeast Regional Office

10

One Bowling Green, Suite 318
New York, NY 10004
Tel: (212) 607-2829
Email: dlubetzky@ftc.gov
Email: sdiacosavvas@ftc.gov
Email: blasky@ftc.gov
Email: cmiller@ftc.gov
Email: lzuckerwise@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

/s/ Robert G. Wing
(Signed by Filing Attorney with
Permission of Plaintiff's Attorney)
/s/ Christopher Y. Miller
Robert G. Wing (4445)
Thomas M. Melton (4999)
Kevin McLean (16101)
Assistant Attorneys General
Utah Attorney General's Office
160 East 300 South, Fifth Floor
Salt Lake City, Utah 84114
Tel: (801) 366-0310
Email: rwing@agutah.gov
Email: tmelton@agutah.gov
Email: kmclean@agutah.gov

Attorneys for Plaintiff
UTAH DIVISION OF CONSUMER
PROTECTION

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 13th day of January, 2020, a true and correct copy of the foregoing, Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Stay Proceedings Pending Supreme Court Review, was served electronically by the Court's ECF System upon:

ERIK A. CHRISTIANSEN
ZACK L. WINZELER
ALAN S. MOURITSEN
GREGORY H. GUNN
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800 Salt Lake City, Utah 84111
Telephone: 801.532.1234
EChristiansen@parsonsbehle.com
ZWinzeler@parsonsbehle.com
AMouritsen@parsonsbehle.com
GGunn@parsonsbehle.com
ecf@parsonsbehle.com

LEONARD L. GORDON
ALEXANDRA MEGARIS
VENABLE LLP
Rockefeller Center
1270 Avenue of the Americas 24th Floor
New York, NY 10020
Telephone: 212.307.5500
LLGordon@Venable.com
AMegaris@Venable.com

J. DOUGLAS BALDRIDGE
STEPHEN R. FREELAND
VENABLE LLP
600 Massachusetts Ave., NW
Washington, DC 20001
Telephone: 202.344.4000
JBaldridge@Venable.com
SRFreeland@Venable.com

*Attorneys for Defendants*

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Christopher Y. Miller