IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| FEDERAL TRADE COMMISSION; and UTAH DIVISION OF CONSUMER PROTECTION, | **ORDER DENYING [119] MOTION FOR RELIEF FROM INJUNCTION** |
| Plaintiffs, | |
| v. | |
| NUDGE, LLC; RESPONSE MARKETING GROUP; BUYPD, LLC; BRANDON B. LEWIS; RYAN C. POELMAN; PHILLIP W. SMITH; SHAWN L. FINNEGAN; and CLINT R. SANDERSON, | Case No. 2:19-cv-867 Judge David Barlow |
| Defendants. | |

Before the court is third-party movant Just Us Realtors, LLC's (Movant) Motion for Relief from Injunction.[1] In February 2018, Movant filed a putative class action complaint (Movant's Suit) against nine defendants including three of the defendants in the instant lawsuit (Common Defendants).[2] On December 19, 2019, this court entered an injunction (Injunction) in the instant lawsuit based on a stipulation of the parties.[3] Among other things, the Injunction bars the parties and others from "taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Defendants."[4] Movant requests relief from the Injunction in order to file an amended complaint in Movant's Suit and to allow the Common

---

[1] ECF No. 119 (Motion).
[2] *See Just Us Realtors, LLC v. Nudge, LLC; BuyPD, LLC; Income Property USA, LLC; Insider's Cash, LLC; Ryan Poelman; Guardian Law, LLC; American Legal & Escrow, LLC; Invictus Law, LLC; and Blair R. Jackson*, No. 2:18-CV-00128-HCN-CMR (D. Utah). The defendants common to both suits are BuyPD, LLC; Nudge, LLC; and Ryan C. Poelman.
[3] ECF No. 89 (Injunction).
[4] *Id.* at 7–8.

Defendants to participate in certain pre-trial litigation events, namely the attorney planning meeting, initial disclosures, and periodic status conferences.[5] Plaintiffs do not oppose the Motion. Defendants, however, contend that the requested relief would require the Common Defendants to contribute time and resources to Movant's Suit.

Movant asserts three grounds supporting the requested relief. First, Movant argues that the Injunction does not enjoin actions filed for the purpose of tolling a statute of limitations.[6] Second, they contend the Injunction should not "deny joinder of the Common Defendants in an amended complaint when the underlying allegations arise out of the same transaction or occurrence . . . or concern questions of law or fact common to several other defendants . . . who are not subject to the Injunction."[7] Third, Movant speculates that allowing the Common Defendants to participate in limited pretrial matters should not materially affect defendants' assets and documents.[8]

This court cannot opine on Movant's first ground, whether Movant's proposed amended complaint is "brought to toll the statute of limitations" relevant in Movant's Suit.[9] Under the terms of the Injunction, commencement of proceedings "necessary to toll any applicable statute of limitations" are excepted from the stay of actions.[10] But the purpose or effect of Movant's proposed amended complaint in their separate action is not before this court. Indeed, the pleading is not pending before any court at present. To resolve this question, this court would have to render an advisory opinion, a decision federal courts are constitutionally prohibited from

---

[5] Motion at 4.
[6] Id.
[7] Id.
[8] Id.
[9] Motion at 8–9. See F.C.C. v. Pacifica Found., 438 U.S. 726, 735 (1978) (observing that "federal courts have never been empowered to issue advisory opinions"); Norvell v. Sangre de Cristo Dev. Co., 519 F.2d 370, 375 (10th Cir. 1975) ("It is fundamental that federal courts do not render advisory opinions and that they are limited to deciding issues in actual cases and controversies.").
[10] Injunction at 7–8.

issuing.[11] Accordingly, the court declines to opine on the viability or purpose of Movant's proposed pleading in Movant's Suit.

For the same reason, this court cannot opine on Movant's second ground. Movant argues that the Injunction should not bar proceeding in Movant's Suit against the three Common Defendants when the other six defendants—not subject to the Injunction—face the same factual and legal claims.[12] Movant has not filed the amended complaint. The circumstances put forward by Movant are therefore hypothetical. Moreover, if these events were to occur, the questions would be in the capable hands of the judge assigned to Movant's Suit. The question here is simply not a proper case or controversy before this court.

Movant's third ground requests this court to authorize the Common Defendants to participate in limited pretrial matters in Movant's Suit. Movant's original complaint was dismissed without prejudice and it was afforded leave to amend its pleading.[13] At present, Movant has been ordered to file a motion to amend its complaint to include an attached proposed amended complaint.[14] These activities have not yet occurred. If and when they do, they will be before another judge who has jurisdiction over the parties and the proceedings. Movant's request, therefore, calls for an advisory opinion from this court that specific pretrial activities will be permitted in Movant's Suit. Without an operative complaint, the question of whether the Common Defendants should be authorized to participate in certain potential pretrial activities in the future is not a live controversy, and thus calls for this court to exceed its constitutionally

---

[11] *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006) ("If a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so."); U.S. Const. art. III, § 2, cl. 1.

[12] Motion at 4. (Citing Fed. R. Civ. P. 20(a)(2) (authorizing joinder of defendants in the same action if right to relief arising out of the same transaction or occurrence is asserted against them and if they share common questions of law and fact).)

[13] *Just Us Realtors, LLC v. Nudge, LLC*, No. 2:18-CV-00128, 2019 WL 2526731 (D. Utah June 19, 2019).

[14] *See id.*, 2020 WL 1536527 at *3 (D. Utah Mar. 31, 2020).

limited role.[15] Additionally, Movant has offered no basis for this court to impose case management directives on another judge who is tasked with managing its own docket. The court declines to take on this role.

Movant's Motion for Relief from Injunction is denied.


Signed April 23, 2020.


BY THE COURT:

David Barlow
District Court Judge

---

[15] *See DaimlerChrysler*, 547 U.S. at 341 ("Determining that a matter before the federal courts is a proper case or controversy under Article III therefore assumes particular importance in ensuring that the Federal Judiciary respects 'the proper—and properly limited—role of the courts in a democratic society.'" (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014)).