UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISION and UTAH DIVISION OF CONSUMER PROTECTION,<br><br>Plaintiffs,<br><br>v.<br><br>NUDGE, LLC; RESPONSE MARKETING GROUP, LLC; BUYPD, LLC; BRANDON B. LEWIS; RYAN C. POELMAN; PHILLIP W. SMITH; SHAWN L. FINNEGAN; and CLINT R. SANDERSON,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA DIRECTED TO UTAH ATTORNEY GENERAL SEAN D. REYES (DOC. NO. 156)**<br><br>Case No. 2:19-cv-00867-DBB-DAO<br><br>Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is the Motion for Protective Order and to Quash Subpoena Directed to Utah Attorney General Sean D. Reyes ("Mot.," Doc. No. 156), filed by non-party Sean D. Reyes ("Attorney General Reyes"). Attorney General Reyes seeks an order preventing Defendants from taking his deposition and quashing a subpoena commanding him to appear to testify at a deposition. (*Id.* at 2.) For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART, and the court permits Attorney General Reyes to be deposed by written questions only.

**BACKGROUND**

Plaintiffs the Federal Trade Commission ("FTC") and the Utah Division of Consumer Protection ("Division") brought this action against Defendants on November 5, 2019, asserting claims for violations of federal and state consumer-protection laws. (Compl. ¶¶ 1–2, Doc. No. 4.) Plaintiffs allege the individual and corporate Defendants ran a "deceptive scheme" involving

1

real estate investment seminars and coaching programs in which they "misrepresented to consumers that they [would] be taught a proven formula on how to make substantial money from investing in real estate" and "entice[d] consumers to enroll in a series of increasingly expensive training programs through false claims."  (*Id.* ¶¶ 3–9.)

On July 7, 2020, Defendants issued a notice of deposition of Attorney General Reyes. (Ex. 2 to Mot., Doc. No. 156-2 at 4–6.)  The Division asked Defendants to explain the need to depose Attorney General Reyes and suggested, instead, proceeding through a limited number of written questions pursuant to Rule 31 of the Federal Rules of Civil Procedure.  (Ex. 3 to Mot., Doc. No. 156-3; Ex. 5 to Mot., Doc. No. 156-5.)  Defendants insisted on proceeding with an oral deposition, alleging meetings occurred between Attorney General Reyes and Defendants which were relevant to this case.  (Ex. 4 to Mot., Doc. No. 156-4; Ex. 6 to Mot., Doc. No. 156-6.)  After further conferrals failed to resolve the dispute, Defendants served Attorney General Reyes with a subpoena commanding him to appear on August 21, 2020, for a deposition.  (Ex. 1 to Mot., Doc. No. 156-1.)  Attorney General Reyes then filed this motion seeking to quash the subpoena and to prevent an oral deposition.  (Mot., Doc. No. 156.)

The court entered an order on August 14, 2020, staying enforcement of the subpoena pending a ruling on the motion.  (Doc. No. 160.)  The motion is now fully briefed.

## DISCUSSION

Under Rule 26 of the Federal Rules of Civil Procedure, courts have broad authority to enter protective orders "for good cause, . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).  Rule 26 also requires a court to "limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that (i) the discovery sought . . . can be obtained from some other

source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Rule 31 allows a party to conduct a deposition by written questions. Fed. R. Civ. P. 31.

Courts limit the circumstances under which high-ranking government officials may be deposed. *See Estate of Turnbow v. Ogden City*, No. 1:07-cv-114, 2008 U.S. Dist. LEXIS 38001, at *4 (D. Utah May 9, 2008) (unpublished). Although no uniform test exists, district courts in this circuit have required parties seeking to depose high-ranking government officials to "demonstrate whether (1) the official has first-hand knowledge related to the claim being litigated[,] (2) the testimony will likely lead to the discovery of admissible evidence, (3) the deposition is essential to the party's case, and (4) the information cannot be obtained from an alternative source or via less burdensome means." *White v. City & Cnty. of Denver*, No. 13-cv-01761, 2014 U.S. Dist. LEXIS 95987, at *7 (D. Colo. July 10, 2014) (unpublished); *see also Fish v. Kobach*, 320 F.R.D. 566, 579 (D. Kan. 2017) (considering similar factors); *Estate of Turnbow*, 2008 U.S. Dist. LEXIS 38001, at *4–5 (same).

Attorney General Reyes argues that as a high-ranking government official, he should be shielded from the deposition requested by Defendants because (1) Defendants have not identified a special need justifying the requested deposition; (2) the information sought is available through less burdensome means; and (3) the demand to testify is unduly burdensome given his busy schedule and official duties. (Mot. 5, 9–12, Doc. No. 156.) If a deposition is allowed, Attorney General Reyes asks that it be conducted by written questions rather than oral testimony, with a limitation of twenty questions. (*Id.* at 8.)

Defendants respond that a deposition of Attorney General Reyes is necessary "to obtain admissible evidence regarding his multiple communications with the Defendants and other

3

members of the real estate education industry occurring in private over several years." (Defs.' Opp'n to Mot. ("Opp'n") 2, Doc. No. 159 (emphasis omitted).)  Defendants provided a declaration from one of their former attorneys explaining that Attorney General Reyes personally interacted with the individual defendants and representatives of the corporate defendants on eleven occasions from 2014 to 2016, including touring the corporate defendants' offices twice at their invitation. (Decl. of William R. Knowlton in Support of Defs.' Opp'n ¶¶ 4–15, Doc. No. 159-1.)  According to Defendants, Attorney General Reyes complimented and expressed support for their "commitment to third-party administered self-regulation" during these interactions. (*Id.* ¶¶ 11–13.)  Defendants argue Attorney General Reyes' "understanding of Defendants' business practices, which allegedly violated the state law he is charged to protect, and his verbal or tacit approval of those practices, go directly to the merits of Plaintiffs' state law claims." (Opp'n 2, Doc. No. 159.)  They assert "any statements he made indicating that the Defendants' business practices at issue did not violate the law would undercut the Division's allegations," including allegations that Defendants knew or should have known their business practices were "false, misleading, and deceptive" in violation of Utah state law. (*Id.* at 7; *see also* Compl. ¶¶ 223–229, Doc. No. 4.)

Defendants have met their burden of demonstrating Attorney General Reyes has first-hand knowledge related to the claim being litigated, based on evidence that he personally interacted with Defendants on numerous occasions, toured their offices, and made statements to Defendants regarding the business practices at issue in this case.  Although Attorney General Reyes is not the exclusive source of information regarding these interactions because Defendants themselves were also present, he does have exclusive knowledge of his own observations of Defendants' business practices and of the basis for his purportedly complimentary statements to

4

them. As Defendants assert, this information is relevant to Plaintiffs' claims that Defendants knowingly engaged in deceptive business practices in violation of Utah law. Therefore, Defendants have demonstrated Attorney General Reyes has at least some "exclusive first-hand knowledge directly relevant to the claims being litigated." *Fish*, 320 F.R.D. at 579.

Nevertheless, given the circumstances, a deposition by written questions is an adequate and less burdensome means of obtaining the information Defendants seek. Defendants argue a deposition consisting of twenty written questions "does not provide the required flexibility to properly examine [Attorney General Reyes] concerning his years of interactions and relevant statements, including the basis therefor." (Opp'n 5, Doc. No. 159.) However, because Defendants themselves were present and have direct knowledge of the relevant events, they have sufficient information to craft written questions regarding Attorney General Reyes' knowledge of those events. Indeed, Defendants have already identified the specific occasions on which they interacted with Attorney General Reyes. Written questions will adequately allow them to elicit Attorney General Reyes' recollection of those interactions. Under these circumstances, Defendants have failed to demonstrate an oral deposition, rather than a written deposition, is essential. Accordingly, Defendants are only permitted to depose Attorney General Reyes by the less burdensome means of written questions. Additionally, Attorney General Reyes' requested limitation of twenty questions is reasonable based on the information Defendants seek to obtain.

## **CONCLUSION**

For these reasons, Attorney General Reyes' motion (Doc. No. 156) is GRANTED IN PART AND DENIED IN PART. The court GRANTS his request to quash the subpoena directing him to appear for an oral deposition but DENIES his request for a protective order preventing Defendants from taking his deposition altogether. The court ORDERS that

Defendants may depose Attorney General Reyes by written questions only, pursuant to Federal Rule of Civil Procedure 31. The deposition shall be limited to no more than twenty questions, including subparts.

DATED this 20th day of November, 2020.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge