UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISION and UTAH DIVISION OF CONSUMER PROTECTION,<br><br>Plaintiffs,<br><br>v.<br><br>NUDGE, LLC; RESPONSE MARKETING GROUP, LLC; BUYPD, LLC; BRANDON B. LEWIS; RYAN C. POELMAN; PHILLIP W. SMITH; SHAWN L. FINNEGAN; and CLINT R. SANDERSON,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' SHORT-FORM MOTION TO COMPEL DEFENDANTS TO REVEAL ALL OF THE INCOME THE INDIVIDUAL DEFENDANTS RECEIVED FROM THE CORPORATE DEFENDANTS (DOC. NO. 168)**<br><br>Case No. 2:19-cv-00867-DBB-DAO<br><br>Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiffs' Short-Form Motion to Compel Defendants to Reveal All of the Income the Individual Defendants Received from the Corporate Defendants (Interrogatory No. 2) ("Mot.," Doc. No. 168). For the reasons set forth below, the court GRANTS the motion.

## BACKGROUND

Plaintiffs, the Federal Trade Commission ("FTC") and the Utah Division of Consumer Protection ("Division"), brought this action against Defendants on November 5, 2019, asserting claims for violations of federal and state consumer-protection laws. (Compl. ¶¶ 1–2, Doc. No. 4.) Plaintiffs allege the individual and corporate defendants ran a "deceptive scheme" consisting of three main parts: (1) live real estate investment seminars in which they "misrepresented to consumers that they [would] be taught a proven formula on how to make substantial money from investing in real estate"; (2) telemarketing calls to pitch one-on-one real estate coaching; and (3) the sale of investment properties. (*Id.* ¶¶ 3, 7–8.)

1

Plaintiffs' Interrogatory No. 2 asked Defendants to "[s]tate and specify by category the total income each Individual Defendant received . . . since January 1, 2015 in any form . . . from the operations of the Corporate Defendants." (Ex. 1 to Mot., Pls.' First Interrogs. at 5–6, Doc. No. 168-2.) Defendants objected to Interrogatory No. 2 as "unduly burdensome and not proportional to the needs of this action to the extent it seeks categorization of 'the total income each Individual Defendant received.'" (Ex. 2 to Mot., Defs.' Am. Resp. and Obj. to Pls.' Interrog. 2 at 2–3, Doc. No. 168-3.) Defendants also contended the requested information was "not relevant to the subject matter to the extent the Plaintiffs allege a common enterprise." (*Id.* at 3.) Defendants provided information about income the individual defendants received relating to telemarketing and property sales but refused to provide information about income they received from the entities running the live seminars. (Mot. 1, Doc. No. 168.)

On July 20, 2020, Defendants moved to stay the case pending the outcome of a case currently before the Supreme Court, which Defendants assert "will decide whether Section 13(b) of the FTC Act . . . authorizes the [FTC] to demand monetary relief such as restitution or disgorgement—and if so, the scope of the limits or requirements for such relief." (Defs.' Mot. to Stay Proceedings Pending Supreme Ct. Cases 1, Doc. No. 152.) No stay has yet been entered; the motion remains pending.

## DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Plaintiffs contend the individual defendants' income from the live seminars is relevant to determine "whether corporate defendants acted as a common enterprise and whether individual

defendants had knowledge of the activities of those entities for purposes of individual liability." (Mot. 1, Doc. No. 168.)  Plaintiffs also argue this information is relevant to the deterrence analysis for fines under the Utah Consumer Sales Practices Act, Utah Code. Ann. § 13-11-17(6). (Mot. 2, Doc. No. 168.)  Defendants respond that "mounting judicial precedent indicat[es] that the FTC has no basis to seek monetary relief under Section 13(b) of the FTC Act."  (Defs.' Opp'n to Mot. 1, Doc. No. 169.)  They argue that if the Supreme Court narrows the relief available to the FTC, "Plaintiffs will no longer have any need for evidence relating to their assertions of a 'common enterprise' and individual knowledge," as these claims relate only to monetary relief.  (*Id.*)

Contrary to Defendants' beliefs, the requested information regarding the individual defendants' income from live seminars is relevant to Plaintiffs' claims for monetary relief and theories of liability in this case.  *See, e.g.*, *FTC v. NHS Sys.*, 936 F. Supp. 2d 520, 533–35 (E.D. Penn. 2013) (finding individual defendants' receipt of significant funds from corporate entities relevant to individual liability and knowledge of fraud).  Indeed, Defendants do not argue this information is irrelevant under existing law, but only that it may become irrelevant if the law changes.  However, the court must base its decisions on the law as it currently stands, not on speculation regarding the outcome of a pending Supreme Court case.  Plaintiffs have demonstrated the information sought in Interrogatory No. 2 is relevant to their claims under current law.  And although Defendants have moved for a stay, no stay has yet been granted.  In the absence of a stay, Plaintiffs are entitled to proceed with discovery on information relevant to their claims.

Defendants also argue courts in this circuit are "reluctant" to order production of tax returns, and contend "[a]sking for income derived from the enterprises of Individual Defendants

is akin to asking for an exact line item from Individual Defendants' tax returns." (Opp'n 2, Doc. No. 169.) But the cases cited by Defendants address only requests for full tax returns, not line item equivalents. *See Phillip M. Adams & Assocs., L.L.C. v. Fujitsu Ltd.*, No. 1:05-cv-64, 2010 U.S. Dist. LEXIS 30207, at *32–33 (D. Utah Mar. 29, 2010) (unpublished); *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 539 (D. Kan. 2006). Because Plaintiffs' request does not relate to Defendants' tax returns, these cases are inapplicable. Plaintiffs' request for certain categories of relevant income is appropriate and proportional to the needs of the case.

In short, the requested information regarding the individual defendants' income from live seminars is relevant and proportional under Rule 26, and Defendants have offered no valid basis to withhold the information.

## CONCLUSION

For these reasons, the court GRANTS Plaintiffs' motion to compel (Doc. No. 168) and ORDERS Defendants to provide the information regarding their income, as requested in Interrogatory No. 2, within thirty (30) days.

DATED this 23rd day of November, 2020.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge