IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| FEDERAL TRADE COMMISSION; and UTAH DIVISION OF CONSUMER PROTECTION, | **MEMORANDUM DECISION AND ORDER DENYING [152] DEFENDANTS' MOTION TO STAY** |
|---|---|
| Plaintiffs, | |
| v. | Case No. 2:19-cv-00867-DBB-DAO |
| NUDGE, LLC; et al., | District Judge David Barlow |
| Defendants. | |

Before the court is Defendants' Motion to Stay.[1] Defendants request that this case be stayed pending resolution of cases now before the Supreme Court. Having reviewed the briefing, supplemental authority, and relevant law, the court now rules as follows.

## I. BACKGROUND

Plaintiffs filed the instant action on November 5, 2019, alleging eleven state and federal causes of action against multiple defendants.[2] Generally, Plaintiffs allege that Defendants engaged in a massive real estate training scheme to take in hundreds of millions of dollars by deception and misrepresentation.[3] On December 30, 2019, Defendants filed a motion to stay arguing, among other things, that the Supreme Court's decision in *Liu v SEC*, a then-pending case involving the Securities and Exchange Commission, would add necessary legal clarity in the

---

[1] Motion to Stay, ECF No. 152.

[2] *See generally* Complaint, ECF No. 4. Plaintiffs filed an Amended Complaint on November 18, 2020. ECF No. 171.

[3] *See* ECF No. 4.

instant case.[4] Defendants proposed a stay through resolution of the *Liu* case, but also requested that this stay extend through resolution of another case for which Supreme Court certiorari was pending.[5] Following a Seventh Circuit opinion interpreting Section 13(b) of the FTC Act[6] in *Federal Trade Commission v. Credit Bureau Center, LLC*, 937 F.3d 764 (7th Cir. 2019), the Federal Trade Commission petitioned for review in the Supreme Court.[7] At the time Defendants filed their first motion to stay, the Supreme Court had not granted certiorari.

On March 25, 2020, this court denied Defendants' motion for stay.[8] A stay was unwarranted because a decision in *SEC v. Liu* "[would] not decide the issues in this case but instead the remedies available to a different agency under a different statute."[9] As to the FTC Act cases, the court noted that whether they would be heard by the Supreme Court was speculative.[10] "Even if equitable monetary relief under Section 13(b) were to become unavailable, this case involves several other statutory provisions and remedies," and discovery was necessary to determine liability, the scope of injunctive relief, as well as the applicability and amount of monetary relief under other statutory provisions.[11]

---

[4] In *Liu v. SEC*, the petitioners asked the Court to determine whether the SEC "may seek and obtain disgorgement from a court as 'equitable relief' for a securities law violation even though [the Supreme Court] has determined that such disgorgement is a penalty." Petition for Writ of Certiorari, *Liu v. S.E.C.*, 2019 WL 2354737 (U.S.) (18-1501).

[5] *See* Defendants' First Motion to Stay, ECF No. 91 at 9.

[6] Codified at 15 U.S.C. § 53(b).

[7] Petition for Certiorari, *FTC v. Credit Bureau Center, LLC*, 2019 WL 7584804 (U.S.) (19-825).

[8] *See* Order, ECF No. 115; Minute Entry, ECF No. 114.

[9] Transcript of March 24, 2020 Hearing, ECF No. 117 at 63–4. The court entered its order denying the Motion to Stay on March 25, 2020.

[10] ECF No. 117 at 64.

[11] *Id.* at 64–5.

On June 22, 2020, the Supreme Court issued its decision in *Liu v* SEC.[12] On July 9, 2020, the Supreme Court also granted certiorari in *FTC v. Credit Bureau Center, LLC*, 937 F.3d 764 (7th Cir. 2019)[13] and a similar case, *FTC v. AMG Capital Management, LLC*, 910 F.3d 417 (9th Cir. 2018).[14] On July 20, 2020, Defendants filed the instant motion to stay, again arguing that a Supreme Court decision in *AMG Capital Management* "will control the course of this litigation."[15] The question presented in *AMG Capital Management* is: "Whether § 13(b) of the [FTC] Act, by authorizing 'injunction[s],' also authorizes the Commission to demand monetary relief such as restitution - and if so, the scope of the limits or requirements for such relief."[16] On January 13, 2021, the Supreme Court heard argument in *AMG Capital Management*.[17]

## II. LEGAL STANDARD

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket."[18] "And it is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and

---

[12] *Liu v. SEC*, 140 S. Ct. 1936, 1940, 207 L. Ed. 2d 401 (2020).

[13] *Fed. Trade Comm'n v. Credit Bureau Center, LLC*, 937 F.3d 764 (7th Cir. 2019)*, cert. granted*, 141 S. Ct. 194, 207 L. Ed. 2d 1118 (2020)*, cert. vacated*, No. 19-825, 2020 WL 6551765 (U.S. Nov. 9, 2020)*, and cert. denied*, 141 S. Ct. 195, 207 L. Ed. 2d 1118 (2020). The Supreme Court consolidated *Credit Bureau Center* with a similar petition in *FTC v. AMG Capital Management, LLC*, 910 F.3d 417 (9th Cir. 2018). *See AMG Capital Mgmt., LLC v. FTC*, 141 S. Ct. 194, 207 L. Ed. 2d 1118 (2020) (19-508).

[14] Order Granting Certiorari, *FTC v. Credit Bureau Center, LLC*, 141 S. Ct. 194, 207 L. Ed. 2d 1118 (2020); Order Granting Certiorari, *AMG Capital Mgmt., LLC v. FTC*, 141 S. Ct. 194, 207 L. Ed. 2d 1118 (2020). On November 9, 2020, the Supreme Court vacated its order granting cert in the *Credit Bureau Center* case. *FTC v. Credit Bureau Center*, No. 19-825, 2020 WL 6551765 (U.S. Nov. 9, 2020).

[15] Defendants' Second Motion to Stay, ECF No. 152 at 1.

[16] Brief for Petitioners, *AMG Capital Management v. FTC*, 2020 WL 5846149 (U.S.) (19-508) (second brackets in original).

[17] *See AMG Capital Mgmt., LLC v. FTC*, (19-508).

[18] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

effort for itself, for counsel, and for litigants."[19] In making its determination, the court may consider "(1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship."[20] "When applying for a stay, a party must show 'a clear case of hardship or inequity' if 'even a fair possibility' exists that the stay would damage another party."[21]

## III. ANALYSIS

In their motion to stay, Defendants contend that the Supreme Court's *AMG Capital Management* decision will clarify the scope of relief available under Section 13(b) of the FTC Act, streamline discovery, and potentially facilitate settlement discussions.[22] However, the requested stay would not satisfy any of the factors that might support a complete halt of the proceedings.

First, a stay pending the Supreme Court's decision in *AMG Capital Management* will not promote judicial economy. The parties are presently engaged in discovery on multiple causes of action rooted in several state and federal statutes, including the FTC Act. Resolution of whether Section 13(b) of the FTC Act authorizes monetary equitable relief, including restitution or disgorgement, does little to simplify the issues before the court. At this stage of the litigation, no

---

[19] *Baca v. Berry*, 806 F.3d 1262, 1269–70 (10th Cir. 2015) (brackets and internal quotation marks omitted) (quoting *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir.1963)).

[20] *Gale v. Brinker Int'l Payroll Co., L.P.*, 2010 WL 3835215, at *1 (D. Utah Sept. 29, 2010) (unpublished) (quoting *Evergreen Holdings, Inc. v. Sequoia Glob., Inc.*, 2008 WL 4723008, at *2 (W.D. Okla. Oct. 23, 2008) (unpublished)); *see also Menchacha-Estrada v. Synchrony Bank*, 2017 WL 4990561, at *1 (D. Utah Oct. 30, 2017) (observing that a decision to stay involves consideration of factors such as "(1) whether granting a stay would likely simplify the issues before the court; (2) the stage of the litigation; and (3) a balancing of prejudice to the parties") (citation and internal quotation marks omitted)).

[21] *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (quoting *Ben Ezra, Weinstein, & Co., Inc. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000)).

[22] ECF No. 152 at 4.

judicial resources are preserved by imposing a stay pending a decision clarifying the amount of monetary relief available under Section 13(b).

Defendants also argue that a Supreme Court decision narrowing a Section 13(b) injunction will necessarily narrow the scope of discovery.[23] Regardless of the outcome in *AMG Capital Management*, however, Plaintiffs here must still conduct discovery on Defendants' liability in the first instance, the seriousness of the harm and consequent scope of a permanent injunction, and the extent of individual profit from the alleged scheme. Indeed, some of the same discovery may be necessary to determine applicability of and scope of relief under other provisions, including Section 19 of the FTC Act, the Telemarketing and Consumer Fraud and Abuse Prevention Act (and Telemarketing Sales Rule), the Utah Consumer Sales Practices Act, the Business Opportunity Disclosure Act, and the Telephone Fraud Prevention Act.

Second, the proposed stay will not help to avoid confusion or inconsistent results that may follow from resolution of the Section 13(b) case.[24] As noted, the Supreme Court appears poised to resolve whether equitable monetary remedies are available under Section 13(b)'s authorization of injunctions.[25] The Supreme Court's decision obviously will govern the available remedy under Section 13(b). But this case is in the discovery phase, not the remedy phase. Liability has not been determined. And, as noted previously, the Supreme Court's decision will not affect the rest of the causes of action against Defendants. There is no risk of confusion or inconsistency with the eventual decision in *AMG Capital Management*.

---

[23] *Id.* at 5–6.

[24] *See Gale v. Brinker Int'l Payroll Co., L.P.*, 2010 WL 3835215, at *1 (D. Utah Sept. 29, 2010) (unpublished) (quoting *Evergreen Holdings, Inc. v. Sequoia Glob., Inc.*, 2008 WL 4723008, at *2 (W.D. Okla. Oct. 23, 2008) (unpublished)).

[25] *See* Brief for Petitioners, *AMG Capital Management v. FTC*, 2020 WL 5846149 (U.S.) (19-508) (second brackets in original).

Lastly, a stay prejudices Plaintiffs. This court previously determined that a stay "risks diminution of the accuracy of witness memories," and a "delay threatens a loss of funds available to compensate alleged consumer."[26] The same risks that were present ten months ago are also present now, if not enhanced by the passage of additional time.

For their part, Defendants ague that they would be prejudiced by having to anticipate the practical significance of various outcomes in the Supreme Court's *AMG Capital Management* case. That is, a range of possible interpretations of Section 13(b) may translate into a range of possible discovery approaches here.[27] Specifically, Defendants contend that the parties would not need expert discovery on the FTC's disgorgement figures in the event the Supreme Court determines this remedy is unavailable under Section 13(b). Alternatively, a decision allowing monetary equitable relief with limitations would provide guidance to the parties, their experts, and the court.[28] These possible impacts to one aspect of discovery do not show significant prejudice to Defendants in the absence of a stay of the entire case. Defending a suit, including some costs of litigation that may turn out to have been unnecessary, does not on the facts of this case constitute a "clear case of hardship or inequity" sufficient to justify a halt to proceedings that will harm Plaintiffs.[29]

---

[26] ECF No. 117 at 67.

[27] ECF No. 152 at 6.

[28] *Id.*

[29] *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)); *see also Landis*, 299 U.S. at 255 ("Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both."). The court notes that instead of attempting to stay the entire case, if Defendants have cause to argue for revising specific discovery or other case deadlines, they are free to bring such a motion.

Defendants also argue that, depending on the outcome of *AMG Capital Management*, they may be more inclined to settle this case.[30] Defendants assert that "a stay is warranted in this case because the parties cannot engage in meaningful settlement discussions with uncertainty over how the Supreme Court will decide [the Section 13(b)] issue."[31] The court is not unsympathetic to the value of complete information on possible litigation outcomes when engaging in settlement discussions. Here, the record does not demonstrate that this uncertainty justifies freezing the case in place.

## ORDER

For the reasons stated in this Memorandum Decision and Order, the court DENIES Defendants' Motion to Stay.[32]


Signed January 26, 2021.

BY THE COURT

_____
David Barlow
United States District Judge

---

[30] ECF No. 155 at 10.

[31] ECF No. 152 at 2.

[32] ECF No. 152.

7