Erik A. Christiansen (Bar No. 7372)
Mark A. Wagner (Bar No. 6353)
Zack L. Winzeler (Bar No. 12280)
Alan S. Mouritsen (Bar No. 13558)
Gregory H. Gunn (Bar No. 15610)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
P.O. Box 45898
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
EChristiansen@parsonsbehle.com
MWagner@parsonsbehle.com
ZWinzeler@parsonsbehle.com
AMouritsen@parsonsbehle.com
GGunn@parsonsbehle.com
ecf@parsonsbehle.com

Leonard L. Gordon (*pro hac vice*)
Alexandra Megaris (*pro hac vice*)
**VENABLE LLP**
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
Telephone: (212) 370-6277
Fax: (212) 307-5598
LLGordon@venable.com
AMegaris@venable.com

J. Douglas Baldridge (*pro hac vice*)
Stephen R. Freeland (*pro hac vice*)
William C. Lawrence (*pro hac vice*)
Michael A. Munoz (*pro hac vice*)
**VENABLE LLP**
600 Massachusetts Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 344-4000
JBaldridge@venable.com
SRFreeland@venable.com
WCLawrence@venable.com
MAMunoz@venable.com

*Attorneys for Nudge Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and UTAH DIVISION OF CONSUMER PROTECTION<br><br>    Plaintiffs,<br><br>v.<br><br>NUDGE, LLC; RESPONSE MARKETING GROUP, LLC; BUYPD, LLC; BRANDON B. LEWIS; RYAN C. POELMAN; PHILLIP W. SMITH; SHAWN L. FINNEGAN; CLINT L. SANDERSON; DEAN R. GRAZIOSI; and SCOTT YANCEY<br><br>    Defendants. | **NUDGE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO RELIEF UNDER SECTION 13(B) AND BODA**<br><br>Case No. 2:19-CV-00867-DBB-DAO<br><br>District Judge: Hon. David Barlow<br><br>Magistrate Judge: Hon. Daphne A. Oberg |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION AND RELIEF SOUGHT ................................................................... 1
II. UNDISPUTED MATERIAL FACTS ............................................................................. 2
III. ARGUMENT .................................................................................................................. 2
    A. Standard for Partial Summary Judgment. ............................................................ 2
    B. The FTC is Not Entitled to Monetary Relief Under Section 13(b). ..................... 3
    C. The Division is Not Entitled to Fines or Penalties Under BODA. ....................... 4
IV. CONCLUSION ............................................................................................................... 5

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*AMG Cap. Mgmt., LLC v. FTC*,
   141 S. Ct. 1341 (2021) ...................................................................................................1, 3

*Chevron Pipe Line Co. v. Pacificorp*,
   2017 WL 3913255 (D. Utah Sept. 6, 2017) ............................................................................3

*Heber Light & Power Co. v. Utah Pub. Serv. Comm'n*,
   231 P.3d 1203 (Utah 2010) .....................................................................................................4

*Patel v. Hall*,
   849 F.3d 970 (10th Cir. 2017) .................................................................................................3

*Woodard v. Jefferson Cty.*,
   18 F. App'x 706 (10th Cir. 2001) (unpublished) ....................................................................4

**Statutes**

15 U.S.C. § 53 ..................................................................................................................................1

Utah Code § 13-15-6 ...................................................................................................................1, 4

Utah Code § 13-15-7 ...................................................................................................................1, 4

**Rules**

Fed. R. Civ. P. 56 .........................................................................................................................2, 3

## I. INTRODUCTION AND RELIEF SOUGHT

The Nudge Defendants[1] move the Court for an order of partial summary judgment holding that Plaintiff Federal Trade Commission ("FTC") is not entitled to equitable monetary relief under Section 13(b) of the FTC Act, 15 U.S.C. § 53, and that the Utah Division of Consumer Protection ("the Division") is not entitled to any monetary relief under the Utah Business Opportunity Disclosure Act ("BODA").

The Plaintiffs in this case seek to recover hundreds of millions of dollars under Section 13(b) and BODA. On April 22, 2021, in a unanimous opinion, the United States Supreme Court rejected the FTC's position that it is entitled to seek monetary relief under Section 13(b) of the FTC Act. *AMG Cap. Mgmt., LLC v. FTC*, 141 S. Ct. 1341, 1347 (2021). In doing so, the Court clearly and unequivocally adopted the position Defendants have consistently advanced throughout this case: The FTC's claim for monetary relief under Section 13(b) is improper and unauthorized.

The Supreme Court's statutory analysis in *AMG* applies with full force to the Division's claim for monetary relief under BODA. Under BODA's express terms, only the "division director may impose an administrative fine," and penalties may not be imposed unless the party has violated a "cease and desist order[.]" Utah Code §§ 13-15-6, 13-15-7. As discussed below, the Division impermissibly asks this court to issue fines for alleged BODA violations and seeks civil penalties without satisfying these statutory prerequisites—commencing an administrative proceeding or issuing a cease and desist order. Thus, under Utah law, the Division is not authorized to impose fines or seek penalties against the Nudge Defendants for the same reason the FTC is precluded from seeking monetary relief under Section 13(b)—the relevant statute does not allow it.

---

[1] The Nudge Defendants are Nudge, LLC, Response Marketing Group, LLC, and BuyPD, LLC, and their principals, Brandon Lewis, Ryan Poelman, Phillip Smith, Shawn Finnegan, and Clint Sanderson.

There is no genuine dispute of material facts and the respective statutes do not provide for the relief that Plaintiffs seek; the Nudge Defendants' Motion should be granted.

## II. UNDISPUTED MATERIAL FACTS

1. The FTC is seeking a monetary judgment of $810,723,187, less certain legitimate business expenses, from the Nudge Defendants, jointly and severally, under Section 13(b) of the FTC Act for violations of Section 5 of the FTC Act under Counts I, II, and III. Plaintiff FTC's Supplemental Responses and Objections to the Defendants' First Set of Interrogatories (Mar. 5, 2021), at 5 (attached hereto as "Exhibit 1").

2. In the Prayer For Relief in the First Amended Complaint (ECF Nos. 171, 173), the Division states that it seeks civil penalties "for each violation of … the BODA." (Paragraph D.) In the Prayer For Relief, the Division does not state that it seeks fines under BODA.

3. In its interrogatory responses, the Division states that it seeks fines for the alleged BODA violations, but does not state that it seeks civil penalties for those alleged violations. Plaintiff Utah Division of Consumer Protection's Supplemental Objections and Responses to Defendants' First Interrogatories (March 5, 2021), at 2-3 (attached hereto as "Exhibit 2").

4. The Division never issued a cease and desist letter to any of the Defendants for violations of BODA. Utah Division of Consumer Protection 30(b)(6) Deposition Transcript at 275:1-276:1 (attached hereto as "Exhibit 3").

## III. ARGUMENT

### A. Standard for Partial Summary Judgment.

Under Federal Rule of Civil Procedure 56, the court shall grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[S]ummary judgment is proper if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." *Patel v. Hall*, 849 F.3d 970, 978 (10th Cir. 2017).

Summary judgment may be granted as to "each claim or defense – or the part of each claim or defense – on which summary judgment is sought." Fed. R. Civ. P. 56(a). Accordingly, "the plain language of Rule 56 allows a court to grant partial summary judgment on a portion of a claim[,]" including the remedy sought. *Chevron Pipe Line Co. v. Pacificorp*, 2017 WL 3913255 *2 (D. Utah Sept. 6, 2017). Indeed, the court may "enter an order stating any material fact— including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case." Fed R. Civ. P. 56(g). Here, it is undisputed that Plaintiffs seek monetary relief under Section 13(b) of the FTC Act and BODA, respectively. The problem is that neither the FTC nor the Division is entitled to such relief as a matter of law.

### B.     The FTC is Not Entitled to Monetary Relief Under Section 13(b).

Late last month, the Supreme Court held that the FTC lacks the statutory authority to obtain equitable monetary relief under Section 13(b). Throughout this litigation, the FTC has contended that it is entitled to recover a monetary judgment of $810,723,187, less certain legitimate business expenses, from the Nudge Defendants, jointly and severally, under Section 13(b) of the FTC Act for violations of Section 5 of the FTC Act under Counts I, II, and III. Exhibit 1, at 5. In denying Defendants' Partial Motion to Dismiss on this very issue, this Court agreed with the FTC that binding Tenth Circuit precedent permitted the FTC to seek monetary equitable relief under Section 13(b). *See* Order Denying Defendants' Partial Motion to Dismiss (ECF No. 93), at 12-13 (citing *FTC v. Freecom Comm'ns, Inc.*, 401 F.3d 1192 (10th Cir. 2005)). Overruling *Freecom*, the Supreme Court has now made clear that "§ 13(b)'s 'permanent injunction' language does not authorize the Commission directly to obtain court-ordered monetary relief." *AMG Cap. Mgmt.*, 141 S. Ct. at 1347. The Court should therefore grant the Nudge Defendants' motion for partial

3

summary judgment, holding as a matter of law that the FTC is statutorily prohibited from seeking any monetary relief from the Nudge Defendants.

### C. The Division is Not Entitled to Fines or Penalties Under BODA.

In a similar effort to obtain relief beyond that authorized by statute, the Division seeks to impose either fines or civil penalties—or both—on the Nudge Defendants. *See* Exhibit 2, at 2-3. The Court need not resolve the precise relief the Division seeks for the Nudge Defendants' alleged BODA violations because the Division is entitled to neither as a matter of law.

As for fines, in the BODA, the Utah Legislature authorized "the division director," but not this court, to "impose an administrative fine of up to $2,500 for each violation of [BODA]." Utah Code § 13-15-6(4). Courts in the Tenth Circuit look to relevant state court decisions to determine the scope of a state agency's statutory authority. *See Woodard v. Jefferson Cty.*, 18 F. App'x 706, 712-13 (10th Cir. 2001) (unpublished) ("[A]dministrative agencies are creatures of statute and their power is dependent upon authorizing statutes, therefore any exercise of authority claimed by the agency must come from within the statutes."). In Utah, when the legislature vests statutory authority in a state agency, "the powers are limited to such as are specifically mentioned." *Heber Light & Power Co. v. Utah Pub. Serv. Comm'n*, 231 P.3d 1203, 1208 (Utah 2010) (cleaned up). The statute's express identification of the "division director" as the individual authorized to impose administrative fines indicates that the Utah legislature chose not to authorize the Division to seek fines in court. Therefore, the Division is not entitled to seek fines for BODA violations from this Court.

As for penalties, under Utah Code § 13-15-7, the Division's ability to recover civil penalties is limited to cases where someone "violates any cease and desist order issued under [BODA.]" The Division admitted in its 30(b)(6) deposition, however, that it never issued a cease and desist order to any of the Defendants for BODA violations. Exhibit 3, at 275:1-276:1. The

4

absence of a cease and desist order forecloses the Division's claim for civil penalties under BODA in this case.

Therefore, the court should grant summary judgment in Defendants' favor as to the Division's claim for monetary relief—whether categorized as fines or penalties—under BODA.

## IV. CONCLUSION

For the reasons articulated above, the Nudge Defendants' Motion for Partial Summary Judgment should be granted and summary judgment entered in the Nudge Defendants' favor. Specifically, the Court should enter an order stating that the FTC is not entitled to any equitable monetary relief under Section 13(b) and that the Division is not entitled to any monetary relief under BODA.

DATED this 5th day of May, 2021

Respectfully Submitted,

By: */s/ J. Douglas Baldridge*
J. Douglas Baldridge (*pro hac vice*)
Stephen R. Freeland (*pro hac vice*)
Michael A. Munoz (*pro hac vice*)
**VENABLE LLP**
600 Massachusetts Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 344-4000
Fax: (202) 344-8300
JBaldridge@venable.com
SRFreeland@venable.com
MAMunoz@venable.com

Leonard L. Gordon (*pro hac vice*)
Alexandra Megaris (*pro hac vice*)
**VENABLE LLP**
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
Telephone: (212) 370-6277
LLGordon@venable.com
AMegaris@venable.com

Erik A. Christiansen (Bar No. 7372)
Mark A. Wagner (Bar No. 6353)
Zack L. Winzeler (Bar No. 12280)
Alan S. Mouritsen (Bar No. 13558)
Gregory H. Gunn (Bar No. 15610)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
P.O. Box 45898
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
EChristiansen@parsonsbehle.com
MWagner@parsonsbehle.com
ZWinzeler@parsonsbehle.com
AMouritsen@parsonsbehle.com
GGunn@parsonsbehle.com

*Attorneys for Nudge Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of May, 2021, I caused a true and correct copy of the foregoing **NUDGE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO RELIEF UNDER SECTION 13(B) AND BODA** to be served via the CM/ECF e-mail notification system on the following counsel for plaintiffs:

*Attorneys for Plaintiff Federal Trade Commission*
**FEDERAL TRADE COMMISSION**
Darren H. Lubetzky (dlubetzky@ftc.gov)
Brian N. Lasky (blasky@ftc.gov)
Christopher Y. Miller (cmiller@ftc.gov)
Vikram Jagadish (vjagadish@ftc.gov)
Karen Dahlberg O'Connell (koconnell@ftc.gov)

*Attorneys for Plaintiff Utah Division of Consumer Protection*
**UTAH DIVISION OF CONSUMER PROTECTION**
Assistant Attorney General's Office
Tom Melton (tmelton@agutah.gov)
Kevin M. McLean (kmclean@agutah.gov)
Robert G. Wing (rwing@agutah.gov)
Joni Ostler (joniostler@agutah.gov)

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ J. Douglas Baldridge*