THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| FEDERAL TRADE COMMISSION; and UTAH DIVISION OF CONSUMER PROTECTION,<br><br>Plaintiffs,<br><br>v.<br><br>NUDGE, LLC; RESPONSE MARKETING GROUP, LLC; BUYPD, LLC; BRANDON B. LEWIS; RYAN C. POELMAN; PHILLIP W. SMITH; SHAWN L. FINNEGAN; CLINT L. SANDERSON; DEAN R. GRAZIOSI; and SCOTT YANCEY,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [222] MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br><br>Case No. 2:19-cv-00867-DBB-DAO<br><br>District Judge David Barlow |

Before the court is a motion for partial summary judgment filed by Nudge, LLC, Response Marketing Group, LLC, and BuyPD, LLC, and their principals, Brandon Lewis, Ryan Poelman, Phillip Smith, Shawn Finnegan, and Clint Sanderson (collectively, the Nudge Defendants).[1] Having considered the briefing, the pleading, and relevant law, the court now rules as follows.

## BACKGROUND

Generally, Plaintiffs Federal Trade Commission (FTC) and the Utah Consumer Protection Division (the Division) allege that the Defendants took in over $400 million from consumers through a fraudulent real estate investment training scheme.[2] The Division did not issue cease

---

[1] Nudge Defendants' Motion for Partial Summary Judgment as to Relief Under Section 13(b) and BODA, ECF No. 222.

[2] *See* First Amended Complaint, ECF No. 171 at ¶ 3.

and desist letters to any of the Defendants for violations of the Business Opportunity Disclosure Act (BODA), nor did it obtain cease and desist orders.[3] Plaintiffs filed the Complaint in this action on November 5, 2019, and they filed a First Amended Complaint (FAC) on November 18, 2020.[4]

The FTC alleges in Counts One, Two, and Three of the FAC that the Nudge Defendants engaged in various deceptive practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a).[5] The FTC seeks equitable monetary relief against the Nudge Defendants for these three counts under Section 13(b) of the FTC Act.[6]

In Counts Ten and Eleven, the Division alleges that the Nudge Defendants violated BODA.[7] On these two counts, the Division seeks an order "awarding such relief as the court finds necessary to redress injury to consumers."[8] It further seeks "civil penalties in an amount up to $2,500 for each violation[.]"[9]

## STANDARD OF REVIEW

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] The moving party bears the initial burden and, if the burden is satisfied, "the burden shifts to the nonmovant to go beyond the pleadings and set forth specific facts, identified by reference to

---

[3] *See* 30(b)(6) Deposition of Daniel Larsen, ECF No. 222-4 at 274:14–276:1. The Business Opportunity Disclosure Act is codified at Utah Code Ann. § 13-15-1 to 13-15-7.

[4] *See* ECF Nos. 4, 171.

[5] *See* ECF No. 171 at ¶¶ 201–06 (Count One), 207–09 (Count Two), 210–14 (Count Three).

[6] *Id.* at ¶ 271; *see id.* at 76–77. Section 13(b) of the FTC Act is codified at 15 U.S.C. § 53(b).

[7] *Id.* at ¶¶ 251–55, 256–59 (Count Ten), 260–63 (Count Eleven).

[8] *Id.* at 77; *see id.* at ¶ 274.

[9] *Id.*

[10] Fed. R. Civ. P. 56(a).

affidavits, deposition transcripts, or specific exhibits incorporated therein, from which a rational trier of fact could find for the nonmovant."[11] The court views the evidence and draws reasonable inferences in the light most favorable to the nonmoving party.[12] "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, summary judgment in favor of the moving party is proper."[13]

## ANALYSIS

The Nudge Defendants argue that the FTC is not entitled to monetary relief under Section 13(b) of the FTC Act.[14] They further argue that the Division is not entitled to seek fines or penalties under BODA in this action.[15] The parties do not dispute any material facts and the questions may be determined as a matter of law.[16]

### 1. Section 13(b) of the FTC Act Does Not Authorize Equitable Monetary Relief.

The Nudge Defendants contend, and FTC does not dispute, that FTC is not entitled to equitable monetary relief under the Section 13(b) of the FTC Act.[17]

Section 13(b) states that FTC "may seek, and after proper proof, the court may issue, a permanent injunction."[18] This provision has been interpreted "to grant consumer redress (i.e.,

---

[11] *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (citation and internal quotation marks omitted).

[12] *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1197 (10th Cir. 2000).

[13] *Concrete Works of Colorado, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (brackets and internal quotation marks omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

[14] ECF No. 222 at 1.

[15] *Id.* at 1, 4–5.

[16] *See* Plaintiff Utah Division of Consumer Protection's Opposition to Nudge Defendants' Motion for Partial Summary Judgment as to Relief Under Section 13(b) and BODA, ECF No. 224 at 2; Nudge Defendants' Reply in Support of Their Motion for Partial Summary Judgment, ECF No. 225 at 2.

[17] ECF No. 222 at 3–4; *see generally* Plaintiff Federal Trade Commission's Non-Opposition to the Nudge Defendants' Motion for Partial Summary Judgment as to Relief Under Section 13(b) of the FTC Act, ECF No. 223.

[18] 15 U.S.C. § 53(b).

refund, restitution, rescission, or other equitable monetary relief)" because the "authority to provide injunctive relief carries with it the full range of equitable remedies, including the power to grant consumer redress."[19] However, in an April 22, 2021 opinion, the United States Supreme Court determined that Section 13(b) does not authorize an award of equitable monetary relief.[20] Accordingly, FTC may not seek, and the court may not impose, equitable monetary relief under Section 13(b). The Nudge Defendants' motion for partial summary judgment is granted on this issue.

### 2. BODA Does Not Authorize Imposition of Fines or Penalties in this Action.

The Nudge Defendants also argue that BODA does not authorize the Division to seek monetary relief in this case.[21]

Generally, BODA requires that sellers of assisted marketing plans file annual disclosures with the Division and issue written disclosures to potential purchasers.[22] If a seller fails to file the required disclosures, the Division "shall begin adjudicative proceedings and shall issue a cease and desist order."[23] In an adjudicative proceeding, if the Division is granted judgment or injunctive relief, "in addition to any other relief, [the Division] is entitled to an award of

---

[19] *F.T.C. v. Freecom Commc'ns, Inc.*, 401 F.3d 1192, 1203 n.6 (10th Cir. 2005).

[20] *AMG Cap. Mgmt., LLC v. Fed. Trade Comm'n*, 141 S. Ct. 1341, 1347, 1352 (2021) ("Several considerations, taken together, convince us that § 13(b)'s 'permanent injunction' language does not authorize the Commission directly to obtain court-ordered monetary relief.").

[21] ECF No. 222 at 4–5.

[22] *See generally* Utah Code Ann. § 13-15-6; *id.* § 13-15-4 (requiring filing of disclosures); *id.* § 13-15-5 (requiring issuance of disclosure statements); *see id.* § 13-15-2(1)(a) (defining "assisted marketing plan" to mean "the sale or lease of any products, equipment, supplies, or services that are sold to the purchaser upon payment of an initial required consideration of $500 or more for the purpose of enabling the purchaser to start a business," in conjunction with certain seller representations).

[23] *Id.* § 13-15-6(1). The UDCP director is authorized to "take administrative and judicial action against persons in violation of the division rules and the laws administered and enforced by it, including the issuance of cease and desist orders[.]" *Id.* § 13-2-5(3).

reasonable attorney's fees, costs of court, and investigative fees."[24] The Division director also is authorized to "impose an administrative fine of up to $2,500 for each violation" of the BODA.[25] Additionally, the statute allows civil penalties against those who violate a cease and desist order issued by the Division:

> Any person who violates any cease and desist order issued under this chapter is subject to a civil penalty not to exceed $5,000 for each violation. Civil penalties authorized by this chapter may be imposed in any civil action brought by the attorney general or by a county attorney under this section.[26]

When interpreting a statute, the court "focus[es] on the statute's plain language because it is the best evidence of the legislature's intent."[27] BODA plainly allows the Division director to administratively assess a fine for each violation of the statute[28] and to seek in court civil penalties for violations of cease and desist orders.[29]

BODA lays out two paths for imposition of penalties or fines. First, the Division director may seek "a civil penalty not to exceed $5,000 for each violation" from any person who violates a cease and desist order.[30] This civil penalty "may be imposed in any civil action brought by the attorney general or by a county attorney under this section."[31] In the instant case, this path has been foreclosed because no cease and desist orders issued to any of the Defendants.[32]

---

[24] *Id.* § 13-15-6(3).

[25] *Id.* § 13-15-6(4)(a).

[26] *Id.* § 13-15-7.

[27] *Bountiful City v. Baize*, 2021 UT 9, ¶ 42, 487 P.3d 71 (citation and internal quotation marks omitted).

[28] *See* Utah Code Ann. § 13-15-6(4)(a).

[29] *See id.* § 13-15-7.

[30] *Id.* § 13-15-7.

[31] *Id.*

[32] *See id.*; Larsen Depo., ECF No. 222-4 at 274:14–276:1; *see generally* ECF No. 171.

Accordingly, Section 13-15-7 does not apply here and does not inform the scope of remedies available to the Division in this case under BODA.

The second path is in Section 13-15-6.[33] If a seller fails to file the required annual disclosures, the Division "shall begin adjudicative proceedings and shall issue a cease and desist order."[34] In this case, the Division did the former, but not the latter. Also, for each violation of BODA, the Division director "may impose an administrative fine of up to $2,500."[35] The statute's grant of authority to the Division director does not carry over to this court, nor does this court impose administrative fines.

Nevertheless, the Division argues that the language of subsection 6(3) of BODA authorizes the court to impose fines: By "providing that courts may grant 'any other relief,' the Legislature gave the courts the ability to impose fines for violations of BODA."[36] The relevant subsection states, in whole, "In the event the division is granted judgment or injunctive relief in an appropriate court of competent jurisdiction, the division, in addition to any other relief, is entitled to an award of reasonable attorney's fees, costs of court, and investigative fees."[37] The provision authorizes an award of investigative and attorney's fees, as well as costs of court. It says nothing about the imposition of fines which, as noted above, are to be imposed by the Division director.

The Division argues that the phrase "other relief" includes "financial remedies, including civil penalties," claims that a contrary reading would be "absurd," and that it would leave the

---

[33] Utah Code Ann. § 13-15-6.

[34] *Id.* § 13-15-6(1). Although BODA does not define "adjudicative proceeding," the Utah Legislature has defined it to mean "an agency action or proceeding" as described in the Administrative Procedures Act. *Id.* § 63G-4-103(1)(a).

[35] *Id.* § 13-15-6(4)(a).

[36] *See* ECF No. 224 at 3.

[37] Utah Code Ann. § 13-15-6(3).

Division without a remedy.[38] Not so. As noted previously, the Division can seek civil penalties where it can prove the violation of a cease and desist order,[39] but the Division did not pursue that route in this matter. The Division also can impose administrative fines itself, under certain circumstances.[40] Finally, the Division can seek injunctive relief, which it is doing in this case. This court declines the invitation to pour additional content into the phrase "other relief." Despite its claims to the contrary, the Division does not lack a remedy, and its inability to seek civil penalties under BODA here is a function of its lack of pursuing the statutorily required cease and desist orders.[41]

The court will not read authorization for such specific relief into a general provision when adjacent provisions specify the circumstances under which fines and penalties may be assessed. As it must, the court presumes "that the legislature used each word advisedly, and that the expression of one term should be interpreted as the exclusion of another, and [the court must] give effect to every word of a statute, avoiding any interpretation which renders parts or words in a statute inoperative or superfluous."[42] Subsection 13-15-6(4)(a) specifically allows the Division director to "impose an administrative fine" and, as stated above, Section 7 limits imposition of civil penalties in civil cases to those brought under that section for violations of cease and desist orders.[43] The legislature could have, but did not, incorporate these terms in subsection 3 and the general reference to "other relief" does not impliedly do so. Consequently, the court will not adopt the reading urged by the Division.

---

[38] ECF No. 224 at 2–3.

[39] Utah Code Ann. § 13-15-7.

[40] *Id.* § 13-15-6(4)(a).

[41] *See id.* § 13-15-7.

[42] *Bountiful City*, 2021 UT 9, ¶ 42 (brackets, citation, and internal quotation marks omitted).

[43] *See* Utah Code Ann. § 13-15-7.

Because BODA does not authorize the Division, under the circumstances here, to pursue fines or penalties before this court, the Nudge Defendants' motion for partial summary judgment is granted on this issue.

## ORDER

For the reasons stated in this Memorandum Decision and Order, the court GRANTS the Nudge Defendants' motion for partial summary judgment.[44]

Signed September 15, 2021.

BY THE COURT

_____
David Barlow
United States District Judge

---

[44] ECF No. 222.