Darren H. Lubetzky
Brian N. Lasky
Christopher Y. Miller
Vikram Jagadish
Karen Dahlberg O'Connell
Savvas S. Diacosavvas
(Each appearing per DUCivR 83-1.1(d)(1))
Federal Trade Commission
Northeast Regional Office
One Bowling Green, Suite 318
New York, NY 10004
Tel: (212) 607-2829
Email: sdiacosavvas@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

Robert G. Wing (4445)
Thomas M. Melton (4999)
Parr, Brown, Gee, & Loveless
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Tel. (801) 532-7840
Email: rwing@parrbrown.com
Email: tmelton@parrbrown.com

Kevin McLean (16101)
Assistant Attorney General
Utah Attorney General's Office
160 East 300 South, Fifth Floor
Salt Lake City, Utah 84114
Tel: (801) 366-0310
Email: kmclean@agutah.gov

Attorneys for Plaintiff
UTAH DIVISION OF CONSUMER PROTECTION

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and<br><br>UTAH DIVISION OF CONSUMER PROTECTION,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>NUDGE, LLC, a Utah limited liability company, *et al.,*<br><br>　　　　Defendants. | **PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY OF HOWARD BEALES**<br><br>Case No. 2:19-cv-00867-DBB-DAO<br><br>Judge David B. Barlow<br><br>Magistrate Judge Daphne A. Oberg |

　　　　Plaintiffs Federal Trade Commission and Utah Division of Consumer Protection move to exclude at trial expert testimony from Dr. J. Howard Beales pursuant to: (i) Federal Rules of Evidence 401 and 402; and (ii) Federal Rule of Evidence 702 and *Daubert v. Merrell Dow*

*Pharms., Inc.*, 509 U.S. 579 (1993).[1]

> **I.  Dr. Beales's Proffered Testimony is Irrelevant and Inadmissible Under Rules 401 and 402**

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  Dr. Beales was retained by Defendants to "evaluate whether there are earnings claims in the [P]review events for real estate training" and testified during his deposition that he was "not asked to examine or evaluate any other topics in this case."[2] Plaintiffs allege that the Defendants made improper earnings claims in Counts One and Six of the First Amended Complaint, but as Plaintiffs explained in the parties' Joint Brief dated November 11, 2022, ECF No. 344, at 1 n.4, Plaintiffs are no longer pursuing Counts One and Six at trial.  Therefore, whether the Defendants made earnings claims at the Preview events is not "of consequence in determining the action," and testimony from Dr. Beales must be excluded as irrelevant.  Fed. R. Evid. 401; *see* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

> **II.  Rule 702 and *Daubert* Require a Proffered Expert to be Qualified and a Proffered Expert Opinion to be Relevant and Reliable**

Under Rule 702, proffered expert testimony must "help the trier of fact to understand the evidence or to determine a fact in issue," it must be "based on sufficient facts or data," and it must be "the product of reliable principles and methods" that have been "reliably applied … to

---

[1] Dr. Beales's expert report is attached to this motion as Exhibit 1, and a transcript of his deposition is attached as Exhibit 2.

[2] Ex. 1, Beales Rpt., at ¶ 4 ("Scope of Engagement"); Ex. 2, Beales Dep., at 6:7-23 (confirming that he has not been asked to evaluate any other topics in this case).

the facts of the case." Fed. R. Evid. 702(a)-(d).  "The proponent of expert testimony bears the burden of showing that its proffered expert's testimony is admissible." *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc) (citation omitted).

"[T]he court performs a gatekeeper function in considering proffered expert testimony and may admit the testimony so long as the expert is qualified and the expert's opinion is both relevant and reliable." *Wesley v. Snap Fin. LLC*, 339 F.R.D. 277, 285 (D. Utah 2021) (citation and internal quotation marks omitted).  "In determining whether expert testimony is admissible, the district court generally must first determine whether the expert is qualified 'by knowledge, skill, experience, training, or education' to render an opinion." *Nacchio*, 555 F.3d at 1241 (quoting Fed. R. Evid. 702).  Next, "if the expert is sufficiently qualified, the court must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology, as set forth in *Daubert*." *Id.* (citations omitted); *see Schulenberg v. BNSF Ry. Co.*, 911 F.3d 1276, 1282-83 (10th Cir. 2018) (same).  *Daubert* requires the court to ensure that the proffered expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); see *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222–23 (10th Cir. 2003) (same).

### III. Dr. Beales's Proffered Testimony Is Irrelevant and Unreliable Under Rule 702

The opinions proffered by Dr. Beales in his report do not meet the standards of Rule 702 and should be excluded.  For the reasons discussed in Section I above, his proffered opinions are not relevant and do not "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a).  They are also unreliable and based on a limited subset of the

overall facts. Fed. R. Evid. 702(b)-(d).

As mentioned, Dr. Beales, a former FTC official, was retained by Defendants to "evaluate whether there are earnings claims in the [P]review events for real estate training."[3] He is trained as an economist[4] but has done no economic study or analysis in this case. He did not, for example, conduct a survey or perform any statistical or economic analysis with regard to the net impression consumers formed about how much they would likely earn if they purchased Defendants' programs.[5] Instead, Dr. Beales's conclusion that the Preview events did not contain earnings claims is based solely on his own readings of Preview event transcripts.[6] Although Dr. Beales may have had experience reviewing marketing materials when he worked at the FTC almost two decades ago,[7] his report does not reference any standards or explain how he used or applied whatever experience he has in this case. *See Nacchio*, 555 F.3d at 1258 ("An expert witness's testimony can rely solely on experience. When that is the case, however, 'the witness

---

[3] *See supra* note 2 and accompanying text.

[4] Ex. 2, Beales Dep., at 40:2-22 ("trained as an economist").

[5] *Id.* at 28:7-21 (acknowledging that he did not conduct a survey or analyze any of the consumer surveys that have been conducted in this case, which he read but found "not particularly relevant to my opinion," and did not conduct any other empirical analysis on how consumers interpreted Defendants' sales presentations at the Preview events).

[6] *Id.* at 26:22-28:6 ("Q: How did you arrive at your conclusion that the preview events do not make earnings claims? A: I reviewed the transcript of the events looking for earnings claims. Q: Q. Is that all you did? A: Yes. …").

[7] When asked what specialized knowledge he has to aid the factfinder in discerning whether speakers made earnings claims at the Preview Events, Dr. Beales referred to his experience reviewing marketing materials in the course of other FTC investigations, his familiarity with the FTC's testimonial guides, and his training as an economist and work in survey research and consumer behavior. *Id.* at 40:2-22.

must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.'" (quoting Fed. R. Evid. 702 advisory committee's note (2000))); *Mooring Cap. Fund, LLC v. Phoenix Cent., Inc.*, No. CIV-06-0006-HE, 2009 WL 4263359, at *5 (W.D. Okla. Feb. 12, 2009) ("It does not suffice for [an expert] to simply invoke experience or judgment without more."), *aff'd sub nom. Mooring Cap. Fund, LLC v. Knight*, 388 F. App'x 814, 820-21 (10th Cir. 2010).

In addition, while Dr. Beales agreed that "[i]n general, you have to look at the entire course of conduct" to discern the likelihood of deception, he did not do that in this case.[8] He did not analyze any marketing or advertising materials given to consumers before they attended the Preview events,[9] or claims in Event Guides given to consumers at the Preview Events that 67% of Defendants' advanced training students have done a deal.[10] Nor did he consider any sales interactions that occurred between Defendants and consumers after the Preview events.[11] Instead, Dr. Beales simply marshals select details from a broader set of facts, an exercise which provides no value to a trier-of-fact. *Deem v. Baron*, No. 2:15-CV-00755-DS, 2020 WL 114138, at *13 (D. Utah Jan. 10, 2020) ("Experts may not merely parrot or recite factual evidence, without offering a valid expert opinion based on such evidence; nor may they attempt to lend

---

[8] *Id.* at 40:23-41:16.

[9] *Id.* at 41:21-24.

[10] *Id.* at 35:15-39:16; Ex. 2, Beales Dep., at Response.FTC.00008945) (copy of the Event Guide marked as Ex. 3 to Beales Dep.).

[11] Ex. 2, Beales Dep., at 41:17-20.

credibility, as experts, to certain evidence relevant to disputed issues of fact." (citation and quotation marks omitted)).

Dr. Beales's report is more akin to a legal brief rather than an expert report.[12] It ultimately parrots Defendants' argument about the legal significance of selected statements contained in registration forms or made at Preview events that Defendants reference in their briefs.[13] Propounding legal conclusions is not the function of an expert. *See Schulenberg*, 911 F.3d at 1283-84 ("'It is not enough to have a knowledgeable expert leap to the conclusions a party would like the jury to be exposed to. Rather, there must be a reliable and identifiable basis for the expert's opinions, grounded in the evidence and in the practices and standards of the particular discipline involved.'" (quoting district court and affirming exclusion)); *Minasian v. Standard Chartered Bank, PLC*, 109 F.3d 1212, 1216 (7th Cir. 1997) (expert witness's affidavit

---

[12] *E.g.*, Ex. 1, Beales Rpt., at ¶¶ 5(D) ("The only numerical claims made in the [P]review events about results are specifically attributed to outside statistical sources and are not challenged as misleading in the complaint."), 15 (arguing testimony of one consumer cited in Plaintiffs' Motion for TRO "is inconsistent with the notion that preview events included earnings claims"), 22 ("Nothing in the complaint suggests that the description of the data is in any way misleading."), 23 ("That result would be inconsistent with both the First Amendment, and the FTC's long history of defending the value of truthful commercial speech.").

[13] *Compare, e.g.*, Ex. 1, Beales Rpt., at ¶¶ 5(A) ("There are clear express disclaimers at the beginning of the [P]review events and in the Event Guide distributed to attendees at the event."), 5(B) ("claims that the company only is providing training and disclosures of both risk and the need for effort are embedded throughout the preview events"), 24 ("Response aims to provide training and education and generally discloses both the risks and the need for effort and hard work throughout the [P]review events to succeed.") *with* Defs.' Opp. to Pls.' Mot. Sum. J., ECF No. 285, at 42 ("the Nudge Defendants made repeated, clear, and unavoidable disclosures about the inherent risk of investing in real estate and the significant time and effort required to implement the strategies taught by RMG"), Defs.' Mot. Sum. J., ECF No. 270, at 6 ("Throughout the [Preview event] presentations, the speakers reinforced the concepts about risk.").

that contained "legal analysis in the guise of banking expertise" demonstrates "how vital it is that judges not be deceived by the assertions of experts who offer credentials rather than analysis").

## IV. Conclusion

For these reasons, expert testimony from Dr. J. Howard Beales should be excluded at trial.

Respectfully submitted,

Dated: February 1, 2023

   /s/ Savvas S. Diacosavvas
Darren H. Lubetzky
Brian N. Lasky
Christopher Y. Miller
Vikram Jagadish
Karen Dahlberg O'Connell
Savvas S. Diacosavvas
Federal Trade Commission
Northeast Regional Office
One Bowling Green, Suite 318
New York, NY 10004
Tel: (212) 607-2809 (Diacosavvas)
Email: sdiacosavvas@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

   /s/ Robert G. Wing
(Signed by Filing Attorney with
Permission of Plaintiff's Attorney)
   /s/ Savvas S. Diacosavvas
Robert G. Wing (4445)
Thomas M. Melton (4999)
Parr, Brown, Gee, & Loveless
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Tel. (801) 532-7840
Email: rwing@parrbrown.com
Email: tmelton@parrbrown.com

Kevin McLean (16101)
Assistant Attorney General
Utah Attorney General's Office
160 East 300 South, Fifth Floor
Salt Lake City, Utah 84114
Tel: (801) 366-0310
Email: kmclean@agutah.gov

Attorneys for Plaintiff
UTAH DIVISION OF CONSUMER
PROTECTION

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 1, 2023, a true and correct copy of the foregoing Plaintiffs' Motion to Exclude Expert Testimony of Howard Beales was served electronically by the Court's ECF System upon counsel of record in this case.

Dated: February 1, 2023

        */s/ Savvas S. Diacosavvas*
Savvas S. Diacosavvas
Northeast Regional Office
One Bowling Green, Suite 318
New York, NY 10004
Tel: (212) 607-2809
Email: sdiacosavvas@ftc.gov

Attorney for Plaintiff
FEDERAL TRADE COMMISSION